## BALDASAR v. ILLINOIS

No. 77–6219.  Argued November 26, 1979—Decided April 22, 1980

*Michael Mulder* argued the cause for petitioner.  With him on the briefs were *Mary Robinson, Ralph Ruebner,* and *Peter Nolte.*

*Michael B. Weinstein,* Assistant Attorney General of Illinois, argued the cause for respondent.  With him on the brief were *William J. Scott,* Attorney General, and *Donald B. Mackay* and *Melbourne A. Noel, Jr.,* Assistant Attorneys General.*

PER CURIAM.

In *Scott* v. *Illinois,* 440 U. S. 367 (1979), the Court held that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated.  This case presents the question whether such a conviction may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term.

---

*Solicitor General McCree, Assistant Attorney General Heymann,* and *Harriet S. Shapiro* filed a brief for the United States as *amicus curiae* urging affirmance.

Under Illinois law, theft "not from the person" of property worth less than $150 is a misdemeanor punishable by not more than a year of imprisonment and a fine of not more than $1,000. Ill. Rev. Stat., ch. 38, §§ 16-1 (e)(1), 1005-8-3 (a) (1), 1005-9-1 (a)(2) (1975). A second conviction for the same offense, however, may be treated as a felony with a prison term of one to three years. § 1005-8-1 (b)(5).

Thomas Baldasar, the petitioner, was convicted of misdemeanor theft in Cook County Circuit Court in May 1975. The record of that proceeding indicates that he was not represented by a lawyer and did not formally waive any right to counsel. Baldasar was fined $159 and sentenced to one year of probation. In November 1975 the State charged him with stealing a shower head worth $29 from a department store. The case was tried to a jury in Du Page County Circuit Court in August 1976. The prosecution introduced evidence of the prior conviction and asked that Baldasar be punished as a felon under the Illinois enhancement statute. Defense counsel objected to the admission of the 1975 conviction. She argued unsuccessfully that because Baldasar had not been represented by a lawyer at the first proceeding, the conviction was too unreliable to support enhancement of the second misdemeanor. App. 7-9. The jury returned a guilty verdict on the felony charge, and Baldasar was sentenced to prison for one to three years.

The Illinois Appellate Court affirmed by a divided vote. It emphasized that when the right to counsel in misdemeanor cases was recognized in *Argersinger* v. *Hamlin,* 407 U. S. 25 (1972), this Court confined that right to prosecutions that " 'end up in the actual deprivation of a person's liberty.' " 52 Ill. App. 3d 305, 307, 367 N. E. 2d 459, 462 (1977), quoting *Argersinger, supra,* at 40. The Illinois court rejected petitioner's argument that the Sixth and Fourteenth Amendments prevented the imposition of the enhanced prison term. "The fact is," the court wrote, "that [Baldasar] was sentenced to imprisonment for his second theft conviction only and not, as

he suggests, sentenced again, and this time to imprisonment, for the first theft conviction." 52 Ill. App. 3d, at 310, 367 N. E. 2d, at 463. The Supreme Court of Illinois denied leave to appeal, and we granted certiorari. 440 U. S. 956 (1979).

For the reasons stated in the concurring opinions, the judgment is reversed, and the case is remanded to the Appellate Court of Illinois, Second District, for further proceedings.

*It is so ordered.*

MR. JUSTICE STEWART, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEVENS join, concurring.

In *Scott* v. *Illinois,* 440 U. S. 367, the Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require . . . that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." *Id.,* at 373–374.

In this case the indigent petitioner, after his conviction of petit larceny, was sentenced to an increased term of imprisonment *only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense.

It seems clear to me that this prison sentence violated the constitutional rule of *Scott* v. *Illinois, supra,* and I, therefore, join the opinion and judgment of the Court.*

MR. JUSTICE MARSHALL, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEVENS join, concurring.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the As-

---

*It is noteworthy that the brief filed by the State of Illinois in *Scott* expressly anticipated the result in this case:

"When prosecuting an offense the prosecutor knows that by not requesting that counsel be appointed for defendant, *he will be precluded from*

sistance of Counsel for his defence." *Gideon* v. *Wainwright,* 372 U. S. 335, 342 (1963), held that the appointment of counsel for an indigent criminal defendant is "fundamental and essential to a fair trial." Therefore, the guarantee of counsel was made applicable to the States through the Fourteenth Amendment. *Gideon,* of course, involved a felony prosecution, but nothing in the opinion suggests that its reasoning was not, like the words of the Sixth Amendment itself, applicable to "all criminal prosecutions." In *Argersinger* v. *Hamlin,* 407 U. S. 25, 37 (1972), we rejected the suggestion that the right to counsel applied only to nonpetty offenses where the accused had a right to a jury trial, and held that "no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial."

Seven years later, in *Scott* v. *Illinois,* 440 U. S. 367 (1979), we considered a question expressly reserved in *Argersinger,* whether counsel must be provided if imprisonment was an authorized punishment but had not actually been imposed. See *Argersinger* v. *Hamlin, supra,* at 37. The Court "conclude[d] . . . that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings" and "adopt[ed] . . . actual imprisonment as the line defining the constitutional right to appointment of counsel." *Scott* v. *Illinois, supra,* at 373. For the reasons stated in MR. JUSTICE BRENNAN's dissenting opinion in *Scott,* I remain convinced that that case was wrongly decided. Nevertheless, even if one accepts the line drawn in *Scott* as the constitutional rule applicable to this case, I think it plain

---

*enhancing subsequent offenses.* To the degree that the charging of offenses involves a great deal of prosecutorial discretion and selection, the decision to pursue conviction with only limited use comes within proper scope of that discretion." Brief for Respondent in *Scott* v. *Illinois,* O. T. 1978, No. 77–1177, p. 20 (emphasis added).

MR. JUSTICE BRENNAN adheres to his dissent in *Scott* v. *Illinois,* 440 U. S. 367, 375.

that petitioner's prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction.

The court below held that petitioner's earlier conviction for shoplifting three packages of bacon was constitutionally valid under *Scott* since he received only a fine and probation, and therefore it could be used to elevate his subsequent conviction from a misdemeanor to a felony and to permit him to be sentenced to three years in prison rather than the one year maximum otherwise applicable. This logic is fallacious for the simple reason that petitioner's prior conviction was not valid for all purposes. Specifically, under the rule of *Scott* and *Argersinger,* it was invalid for the purpose of depriving petitioner of his liberty.

*Scott,* of course, did not purport to modify or restrict *Argersinger.* The question in *Scott* was simply one of "the proper application of our decision" in *Argersinger. Scott* v. *Illinois, supra,* at 368. The Court concluded that the precise holding in *Argersinger,* that counsel was required because Argersinger had been imprisoned as a result of the prosecution, expressed the limit of the right to counsel. Accordingly, the Court declined to extend *Argersinger* to all cases in which imprisonment was an authorized penalty. In the Court's view, *Argersinger* rested primarily on the conclusion "that incarceration was so severe a sanction that it should not be imposed as a result of a criminal trial unless an indigent defendant had been offered appointed counsel to assist in his defense," 440 U. S., at 372–373.

That petitioner has been deprived of his liberty "as a result of [the first] criminal trial" could not be clearer. If it had not been for the prior conviction, petitioner could not have been sentenced to more than one year for the present offense.[1]

---

[1] The fact that petitioner could be sentenced to *some* period of incarceration as a result of his second conviction does not, of course, prevent

Solely because of the previous conviction the second offense was transformed from a misdemeanor into a felony, with all the serious collateral consequences that a felony conviction entails, and he received a sentence that may result in imprisonment for two years in excess of that 1-year maximum.

MR. JUSTICE POWELL's dissenting opinion, *post,* at 232, asserts that this result is constitutionally permissible because under the enhancement statute the increased punishment was imposed for the second offense rather than the first. I agree that the increased prison sentence in this case is not an enlargement of the sentence for the original offense. If it were, this would be a double jeopardy case. But under the recidivist clause of the Illinois statute, if the State proves a prior conviction for the same offense a completely different range of sentencing options, including a substantially longer term of imprisonment, becomes available. The sentence petitioner actually received would not have been authorized by statute but for the previous conviction. It was imposed as a direct consequence of that uncounseled conviction and is therefore forbidden under *Scott* and *Argersinger.*

We should not lose sight of the underlying rationale of *Argersinger,* that unless an accused has "the guiding hand of counsel at every step in the proceedings against him," *Powell* v. *Alabama,* 287 U. S. 45, 69 (1932), his conviction is not sufficiently reliable to support the severe sanction of imprisonment. *Argersinger* v. *Hamlin, supra,* at 31–36.[2] An uncoun-

---

him from objecting to a further deprivation of liberty on the basis of an uncounseled conviction.

[2] I cannot agree with MR. JUSTICE POWELL's unsupported assertion, *post,* at 233–234, n. 2, that an uncounseled misdemeanor conviction is more likely to be reliable than an uncounseled felony conviction. I had thought that suggestion was squarely rejected in *Argersinger.* Mr. Justice Douglas' opinion for the Court emphasized the need for the assistance of counsel to assure reliability of misdemeanor convictions: "We are by no means convinced that legal and constitutional questions involved in a case

seled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute. It is therefore incorrect to say that our decision today creates a "new hybrid" of misdemeanor convictions. *Post,* at 232 (POWELL, J., dissenting). To the contrary, a rule that held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term

that actually leads to imprisonment even for a brief period are any less complex than when a person can be sent off for six months or more." *Argersinger* v. *Hamlin,* 407 U. S., at 33. THE CHIEF JUSTICE concurred in the result, stating: "The issues that must be dealt with in a trial for a petty offense or a misdemeanor may often be simpler · than those involved in a felony trial and yet be beyond the capability of a layman. . . . There is little ground, therefore, to assume that a defendant, unaided by counsel, will be any more able adequately to defend himself against the lesser charges that may involve confinement than more serious charges." *Id.,* at 41. MR. JUSTICE POWELL observed: "Many petty offenses will also present complex legal and factual issues that may not be fairly tried if the defendant is not assisted by counsel. Even in relatively simple cases, some defendants, because of ignorance or some other handicap, will be incapable of defending themselves." *Id.,* at 47 (opinion concurring in result).

In fact, as the opinion for the Court recognized, misdemeanor convictions may actually be less reliable than felony convictions. "[T]he volume of misdemeanor cases . . . may create an obsession for speedy dispositions, regardless of the fairness of the result. . . . 'The misdemeanor trial is characterized by insufficient and frequently irresponsible preparation on the part of the defense, the prosecution, and the court. Everything is rush, rush.' . . . There is evidence of the prejudice which results to misdemeanor defendants from this 'assembly-line justice.'" *Id.,* at 34–36 (footnote and citations omitted). Moreover, if the case is tried to a jury, as was petitioner's first conviction, it is entirely possible that jurors may be less scrupulous about applying the reasonable-doubt standard if the offense charged is "only a misdemeanor."

collaterally, would be an illogical and unworkable deviation from our previous cases.[3]

MR. JUSTICE BLACKMUN, concurring.

In *Scott* v. *Illinois*, 440 U. S. 367 (1979), I stated in dissent:

"Accordingly, I would hold that an indigent defendant in a state criminal case must be afforded appointed counsel whenever the defendant is prosecuted for a non-petty criminal offense, that is, one punishable by more than six months' imprisonment, see *Duncan* v. *Louisiana*, 391 U. S. 145 (1968); *Baldwin* v. *New York*, 399 U. S. 66 (1970), *or* whenever the defendant is convicted of an offense and is actually subjected to a term of imprisonment, *Argersinger* v. *Hamlin*, 407 U. S. 25 (1972).

"This resolution, I feel, would provide the 'bright line'

---

[3] The dissent expresses concern that our decision will impose unacceptable economic burdens on state and local governments. *Post*, at 235. I do not share that view. Not all misdemeanor defendants, of course, are indigent. See *Scott* v. *Illinois*, 440 U. S. 367, 385, and n. 16 (1979) (BRENNAN, J., dissenting). Where the defendant is indigent, counsel will be provided in the first trial unless the prosecution does not seek a jail term. A great many States provide counsel in all cases where imprisonment is authorized, even though counsel is not constitutionally required. See *id.*, at 386–387, n. 18. Further, not all subsequent offenses are subject to enhancement, and not all previous offenses are predicate offenses for enhancement purposes. Thus the number of cases in which the State must decide whether to provide counsel solely to preserve its ability to enhance a subsequent offense will be only a fraction of the total. In many of those remaining cases, the judgment whether future misconduct is likely, and whether the first offense is serious enough to warrant its use for enhancement, will be a relatively easy exercise of prosecutorial discretion.

The economic effect of our decision today will be miniscule compared to that of *Powell* v. *Alabama*, 287 U. S. 45 (1932), *Gideon* v. *Wainwright*, 372 U. S. 335 (1963), and *Argersinger* v. *Hamlin*, *supra*. But whatever that cost may be, it cannot outweigh the Sixth Amendment command that no one may be imprisoned as a result of a conviction in which he was denied the assistance of counsel.

that defendants, prosecutors, and trial and appellate courts all deserve and, at the same time, would reconcile on a principled basis the important considerations that led to the decisions in *Duncan, Baldwin,* and *Argersinger.*" *Id.,* at 389–390.

I still am of the view that this "bright line" approach would best preserve constitutional values and do so with a measure of clarity for all concerned. Had the Court in *Scott* v. *Illinois* adopted that approach, the present litigation, in all probability, would not have reached us. Petitioner Baldasar was prosecuted for an offense punishable by more than six months' imprisonment, and, under my test, was entitled to counsel at the prior misdemeanor proceeding. Since he was not represented by an attorney, that conviction, in my view, is invalid and may not be used to support enhancement.

I therefore join the Court's *per curiam* opinion and its judgment.

MR. JUSTICE POWELL, with whom THE CHIEF JUSTICE, MR. JUSTICE WHITE, and MR. JUSTICE REHNQUIST join, dissenting.

Last Term in *Scott* v. *Illinois,* 440 U. S. 367 (1979), we rejected the claim that *Argersinger* v. *Hamlin,* 407 U. S. 25 (1972), requires the appointment of counsel for an indigent charged with a misdemeanor punishable by imprisonment, regardless of whether the defendant actually is sentenced to jail. We held explicitly that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not jailed.

In 1975, the petitioner in this case was tried without the appointment of counsel and convicted of a misdemeanor theft. Although the statute authorized imprisonment, petitioner only was fined. The circumstances of that conviction, therefore, were precisely like those of the petitioner in *Scott* v. *Illinois,* and the conviction was constitutionally valid.

The question presented today is different from that decided

in *Scott.* This case concerns the enhanced sentence imposed on petitioner Baldasar for a subsequent conviction for misdemeanor theft. Petitioner, who was represented by counsel at the second trial, concedes that he could have been sentenced to one year in jail for the second offense. He challenges only the addition of two years to his sentence, an enhancement that was based on his record as a recidivist. The Court holds that, even though the first conviction was valid, the State cannot rely upon it for enhancement purposes following a subsequent valid conviction. This holding undermines the rationale of *Scott* and *Argersinger* and leaves no coherent rationale in its place. A constitutionally valid conviction is now constitutionally invalid if relied upon as the predicate for enhancing the sentence of a recidivist.

In my view, this result is logically indefensible. More seriously, the courts that try misdemeanor cases daily no longer have clear guidance from this Court. No court can predict with confidence whether a misdemeanor defendant is likely to become a recidivist. The option of not imposing a jail sentence on an uncounseled misdemeanant, expressly preserved by *Argersinger* and *Scott,* no longer exists unless the court is willing prospectively to preclude enhancement of future convictions. I dissent both because I believe that *Scott* dictates a contrary result, and because the courts of our Nation are entitled, at a minimum, to a clear rule on this important question.

I

*Scott* held that "actual imprisonment [is] the line defining the constitutional right to appointment of counsel." 440 U. S., at 373. Petitioner Baldasar concedes the validity under *Scott* of his uncounseled theft conviction in 1975. He argues, nevertheless, that the enhanced sentence imposed for the second offense included an element of imprisonment for the first conviction. Consequently, he continues, the enhancement violates the rule of *Scott* that a conviction may not lead

to imprisonment unless retained or appointed counsel is available to the defendant. Although MR. JUSTICE BLACKMUN applies his own "bright line" approach to the question, four Members of the Court agree with petitioner's contentions. See *ante,* p. 224 (STEWART, J., concurring); *ante,* p. 224 (MARSHALL, J., concurring).

This line of argument misapprehends the nature of enhancement statutes. These laws, commonplace in our criminal justice system, do not alter or enlarge a prior sentence. If, as in this case, a person with a prior conviction chooses to commit a subsequent crime, he *thereby* becomes subject to the increased penalty prescribed for the second crime. This Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant. *E. g., Moore* v. *Missouri,* 159 U. S. 673, 677 (1895); *Oyler* v. *Boles,* 368 U. S. 448, 451 (1962). Under Illinois law a second conviction for petty theft may be treated as a felony with a prison term. The sentence imposed upon petitioner was solely a penalty for the second theft.

Moreover, petitioner's argument ignores the significance of the constitutional validity of his first conviction. Petitioner questions neither the factual accuracy nor the legality of that conviction. In order to accept his argument, the Court creates a special class of uncounseled misdemeanor convictions. Those judgments are valid for the purposes of their own penalties as long as the defendant receives no prison term. But the Court holds that these convictions are invalid for the purpose of enhancing punishment upon a subsequent misdemeanor conviction.

By creating this new hybrid, the Court departs from the position it took after *Gideon* v. *Wainwright,* 372 U. S. 335 (1963), established the right to counsel in felony cases. Following *Gideon,* the Court consistently held that because an uncounseled felony conviction was constitutionally invalid—and therefore void—it could not be put to other uses in court. In *Burgett* v. *Texas,* 389 U. S. 109, 115 (1967), the

Court stated that an uncounseled felony conviction could not be used in a later trial to enhance punishment under a recidivist statute. *Loper* v. *Beto,* 405 U. S. 473, 483 (1972), barred impeachment of a defendant with such a felony conviction, and *United States* v. *Tucker,* 404 U. S. 443 (1972), held that a sentencing judge cannot consider a prior uncounseled felony.

Misdemeanor convictions, however, have been treated differently. *Argersinger* held that in misdemeanor cases the right to counsel applies only if the prosecution may "end up in the actual deprivation of a person's liberty." 407 U. S., at 40. In a fully considered opinion last Term, the Court ruled in *Scott* that the Sixth Amendment does not bar an uncounseled misdemeanor conviction if the defendant is not imprisoned.[1]

Logically, just as a constitutionally *invalid* felony judgment could not be used for sentence enhancement in *Burgett,* the *valid* misdemeanor conviction in this case should be available to enhance petitioner's sentence. But the Court makes no effort to defend its ruling on the basis of logic, or even on the policy ground that an uncounseled misdemeanor conviction is too unreliable to support enhancement of a subsequent sentence.[2] Instead, four Members of the Court rely on what

---

[1] Despite reservations, I joined the decision in *Scott* v. *Illinois* because it was consistent with *Argersinger* v. *Hamlin,* 407 U. S., at 44 (POWELL, J., concurring in result), and it "provide[d] clear guidance to the hundreds of courts across the country that confront this problem daily." 440 U. S., at 374 (POWELL, J., concurring).

[2] Although only the opinion of MR. JUSTICE MARSHALL mentions the issue, *ante,* at 227–228, n. 2, petitioner urges that an uncounseled misdemeanor conviction is too unreliable to support sentence enhancement for later offenses. Compared to a felony judgment, however, most uncounseled misdemeanor convictions are far more likely to be reliable. In my separate opinion in *Argersinger,* I expressed the view that counsel should be provided in certain misdemeanor cases *not* involving the possibility of a jail sentence. 407 U. S., at 47–50. That view was rejected by the Court. It cannot be denied, however, that the issues in the great majority of misdemeanor cases are not complicated and the facts often are

I view as the incorrect statement that sentence enhancement equals imprisonment for the earlier offense, while a fifth Member adheres to the assertion rejected in *Scott* that a "bright line" should require counsel for prosecutions that could result in imprisonment for six months or more. *Ante,* p. 229 (BLACKMUN, J., concurring).[3]

## II

The Court's decision not only is analytically unsound, but also will create confusion in local courts and impose greater burdens on state and local governments. The Illinois Appellate Court pointed out that at least 11 Illinois laws, including the statute at issue here, impose enhanced penalties for repeat misdemeanants. 52 Ill. App. 3d 305, 308, and n. 1, 367 N. E. 2d 459, 462, and n. 1 (1977). Most state criminal codes have similar provisions. See, *e. g.,* Note, 35 Ohio St. L. J. 168, 182, n. 72 (1974) (citing Ohio statutes). And the Solicitor General, urging affirmance in this case, emphasized that this deci-

---

not in dispute. In addition, most such cases are tried to a judge. But there is a more fundamental answer to petitioner's argument. Here, the uncounseled conviction is conceded to be valid and thus must be presumed reliable.

[3] Today's decision is all the more puzzling in view of the Court's recent ruling in *Lewis* v. *United States,* 445 U. S. 55 (1980). *Lewis* held that an uncounseled *felony* conviction is a proper predicate for imposing federal sanctions for possession of a firearm by a felon. Although I dissented on statutory grounds in *Lewis,* the opinion's constitutional holding squarely conflicts with today's decision. Unlike misdemeanors, all uncounseled felony judgments are constitutionally invalid. *Gideon* v. *Wainwright,* 372 U. S. 335 (1963). Yet *Lewis* held that even though the federal firearm statute imposes a prison sentence solely because the defendant had an uncounseled—and thus void—felony conviction on his record, that procedure does not use the void conviction to " 'support guilt or enhance punishment.' " 445 U. S., at 67, quoting *Burgett* v. *Texas,* 389 U. S. 109, 115 (1967). In this case, the Court refuses to permit sentence enhancement on the basis of a constitutionally valid misdemeanor conviction. The conflict between the two holdings could scarcely be more violent.

sion will hamper enforcement of important federal statutes long in effect.[4] Providing counsel for all defendants charged with enhanceable misdemeanors will exacerbate the delays that plague many state misdemeanor courts and will impose unnecessary costs on local governments. Those communities that cannot provide counsel for misdemeanor defendants will lose by default the possibility of enhancing future sentences if criminal conduct persists. The result will be frustration of state policies of deterring recidivism by imposing enhanced penalties.

In addition, as the Illinois Appellate Court predicted, today's ruling will incite further litigation claiming that uncounseled misdemeanor convictions cannot be used to impeach a defendant's testimony, or that judges should not consider such convictions in later sentencing determinations. 52 Ill. App. 3d, at 310, 367 N. E. 2d, at 463. Following today's pronouncement, there is no way to predict the outcome of any such claim.

But at least it is clear, regrettably, that the Court has frustrated its own effort in *Scott* to provide effective guidance to the local courts that try misdemeanor cases every day. I would affirm the decision of the Illinois Appellate Court that faithfully followed our decision in *Scott*.

---

[4] Brief for United States as *Amicus Curiae* 2, citing 8 U. S. C. § 1325 (illegal entry into United States by alien); and 2, n. 2, citing 15 U. S. C. § 1263 (shipment of misbranded or banned hazardous substances).