MOORE, Judge.
Petitioner, the State of Florida, seeks a writ of certiorari to quash an order of the trial court transferring the pending prosecution against the respondent from the criminal division of the circuit court to the juvenile division.
Respondent, a juvenile, was charged by direct information, pursuant to Section 39.-04(2)(e)(4), Florida Statutes (1979), with the commission of the felony of burglary of a conveyance. Section 39.04(2)(e)(4) states that the state attorney may:
With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to Florida Statute Section 39.04(1) if it is shown by the child that he had not previously, been found to have committed two delinquent acts one of which involved an offense classified under Florida Law as a felony.
The respondent subsequently filed a motion to transfer the case to the juvenile division, alleging that his prior juvenile adjudications of delinquency could not be considered as “delinquent acts” within the purview of Section 39.04(2)(e)(4) because he was not represented by counsel at the time the adjudications were rendered. The respondent concedes that the previous adjudications would otherwise suffice to constitute the delinquent acts necessary to allow the state attorney to directly file against him in the criminal division. The issue, then, is whether respondent’s uncounseled adjudications may be “counted” as delinquent acts under Section 39.04(2)(e)(4). Respondent contends that a prosecution in the criminal division, based on his prior, uncounseled juvenile adjudications, runs afoul of the recent Supreme Court decision in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). We reject this contention because we find the circumstances presented by this case to be distinguishable from the factual situation in Baldasar. Respondent’s reliance on Baldasar, as a basis for invalidating the State’s efforts to prosecute him in the criminal division, is therefore misplaced. In Baldasar, the defendant was convicted of petty theft without benefit of counsel and sentenced to a term of probation.[1] Subsequently, Baldasar was once again prosecuted and convicted for a second petty theft. However, pursuant to Illinois law, a second conviction for petty theft may be treated as a felony and is punishable by a prison term of one to three years. Baldasar was sentenced to a term of confinement in accordance with the enhanced felony offense. On review, the Supreme Court found the felony conviction and sentence to be invalid because the enhancement of Bal-dasar’s second offense was based upon his prior, uncounseled misdemeanor conviction. The Court held Baldasar’s judgment and sentence to be violative of its prior decisions in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.
Unlike Baldasar, the respondent has not yet encountered the immediate prospect of an incarceration that is derivative of a pri- or, uncounseled conviction or other adjudication of guilt. Simply stated, the trial court prematurely determined that a violation of the mandate of Baldasar had oc *1217 curred in this case. The mere fact that the respondent is prosecuted in the criminal division does not render the eventuality of incarceration absolute. It is altogether possible that a criminal prosecution against the respondent will result in his acquittal. Furthermore, even if the respondent were convicted, it does not necessarily follow that he will be sentenced to a term of incarceration. The trial court has the discretion to place the respondent on probation if it finds this to be an appropriate sanction. In fact, because of his youth, the respondent may be eligible for the lenient treatment afforded under Section 39.111(6), Florida Statutes (1979) (providing for sentencing as a child even though convicted in the criminal division) and Section 958.04, Florida Statutes (1979) (the Youthful Offender Act).
Under these circumstances, we hold that the issue of whether a violation of the Bal-dasar decision has occurred in this case is not ripe for our review, nor was the issue ripe for a determination by the trial court. Therefore, we grant the writ of certiorari and quash the order of the trial court transferring the respondent to the juvenile division. No decision is reached as to whether Baldasar, supra, will be applicable in the event of conviction and sentencing to incarceration.
DOWNEY and BERANEK, JJ., concur.

. In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court held that an uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated. cf. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).