STATE of Missouri, Plaintiff-Respondent,

v.

Donald Dale HOLT, Defendant-Appellant.■

No. 11876.

Missouri Court of Appeals, Southern District, Division Two.

May 11, 1981.

Motion for Rehearing or Transfer Denied June 4, 1981.

Application to Transfer Denied July 14, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Daniel T. Ramsdell, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Donald Dale Holt was convicted of felonious stealing [§§ 570.030, 570.040, RSMo 1978] and sentenced to four years imprisonment. The court also found defendant was a persistent offender [§ 558.-016, RSMo 1978] but did not extend the term fixed by the jury. The court did order the sentence to be served consecutive to a previous eight-year sentence for stealing.[1] We affirm.

The sufficiency of the evidence to support the jury's verdict is not questioned. The jury could reasonably find from the state's evidence that the defendant stole a $100 bill belonging to another.

Defendant's first attack upon the judgment is that the offense, under § 570.030, was only a misdemeanor because the value of the stolen property was less than $150 and that one of the two prior stealing convictions used to trigger the application of § 570.040 was invalid because he was not represented by an attorney.

---

1. We affirmed the judgment in that case in *State v. Holt*, 603 S.W.2d 698 (Mo.App.1980).

Section 570.030 first defines the offense of stealing and then classifies certain enumerated thefts to constitute a class C felony. Where, as here, money of a value less than $150 is not physically taken from the person of the victim, and absent two prior stealing convictions, the crime is designated a class A misdemeanor. However, § 570.-040 provides that a person who has been previously convicted of stealing two times and who is subsequently convicted of stealing is guilty of a class C felony. In addition to the instant offense, it was alleged and the trial court found that defendant had been convicted of stealing in 1963 and 1969. The court also found defendant to be a persistent offender by reason of four prior felony convictions in 1963, 1966 and 1976.

■ The defendant contends that he was not represented by counsel when he was convicted of stealing in 1969 and therefore that conviction could not properly be shown to activate the provisions of § 570.040. Consequently, defendant argues he could only be found guilty of a misdemeanor on the present charge and that the provisions of the persistent offender statute would not apply.

The records introduced show that following defendant's 1969 conviction in the Magistrate Court of Greene County for petty stealing, apparently without an attorney, the defendant appealed that conviction to the Circuit Court of Greene County. He was represented by an attorney in the appeal. At that time Supreme Court Rule 22.16 provided that upon an appeal from a conviction in magistrate court ". . . the case shall be heard, tried and determined de novo in the circuit court as though the prosecution had originated in such court." See also: §§ 543.320, 543.330, RSMo 1969. The record of the Greene County Circuit Court shows that on the date set for trial the defendant and his attorney appeared; that a jury panel was selected and sworn to try the case; that a hearing was conducted on defendant's motion to suppress evidence and the motion was overruled. Defendant then requested a continuance of the case and his request was denied. The record then shows that defendant requested leave of court to dismiss his appeal, against the advice of his attorney. The court granted defendant's request and affirmed the judgment and sentence of the magistrate court.

We recognize that there is authority for the proposition that a prior, uncounseled misdemeanor conviction cannot be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). However, in view of the de novo trial called for in former Rule 22.16 we are of the opinion that defendant was represented by an attorney when he was convicted of stealing in 1969. Trial had commenced when defendant, contrary to the advice of his attorney, decided to dismiss his appeal. The circuit court affirmed the conviction and dismissed the appeal. Defendant had the assistance of counsel at his de novo trial and his voluntary act of dismissal is close akin to a defendant deciding to enter a plea of guilty after trial commences. Defendant cannot now be heard to complain that he was not represented in his 1969 stealing conviction and his point is denied.

■ Defendant next contends the earlier stealing convictions should not have been considered by the court because the evidence did not show "completion of any sentences . . . as required by law." In support of this point we are referred to the old Second Offender statute, § 556.280 RSMo 1949, and decisions construing the same which ruled that statute required proof that a defendant was discharged upon pardon or compliance with the sentence. Defendant's position overlooks the fact that § 570.040 makes no such requirement but states "Evidence of prior convictions shall be heard by the court . . . and the court shall determine the existence of the prior convictions." Furthermore, the prior convictions under § 556.280 were for purposes of sentencing a defendant, whereas under § 570.040 the prior convictions are for charging purposes. The point is denied.

■ Defendant avers it was reversible error for the court to give instruction MAI–CR2d 2.60 because this Supreme Court approved instruction failed to set forth the maximum or minimum punishment and misinformed the jury by stating that the court could not exceed the term fixed by the jury when the court was authorized to extend the term upon finding the defendant was a persistent offender. There are two answers: (1) the court did not extend the term even though defendant was determined to be a persistent offender; (2) *State v. Hunter,* 586 S.W.2d 345 (Mo. banc 1979),

ruled this question adversely to defendant's contention.

Defendant's remaining points assert error by the court in denying his request to change his plea from not guilty to not guilty by reason of mental disease or defect excluding responsibility [§ 552.030, RSMo 1978] and denying him a competency hearing.

■ Defendant's oral request to change his plea was made more than five months after his not guilty plea. If more than ten days have elapsed since a not guilty plea, the court may only accept the amended plea if (a) it is in writing and (b) for good cause shown. Here, defendant met neither condition and we find no error. *State v. Vansandts*, 540 S.W.2d 192 (Mo. App.1976).

■ On the matter of denial of a competency hearing for the defendant, we discern no error. Defendant on March 17, 1980, requested a continuance of his case so he could obtain a mental examination by his own physician, Dr. LeFevre. At his next court appearance on May 5, 1980, he informed the court he had not had an examination but orally moved to change his plea from not guilty to not guilty by reason of mental disease or defect. The motion was denied. The record does not reflect that defendant at any time requested a competency hearing. Neither the motion for new trial filed by defendant's appointed counsel nor his own pro se motion for a new trial mentions the matter of a competency hearing. Our examination of the transcript leaves us with the conclusion that the trial court did not have reasonable cause to believe that the defendant had a mental disease or defect excluding fitness to proceed and, consequently, was under no obligation to order such a hearing sua sponte. *State v. Garrett*, 595 S.W.2d 422 (Mo.App.1980); *State v. Vansandts*, supra. Defendant's pro se actions throughout the pretrial trial and post-trial stages clearly indicated his fitness to proceed. As this court had occasion to

note of defendant in *State v. Holt*, 603 S.W.2d 698 at 703:

"Through extreme tolerance and forebearance on the part of both court and counsel in pretrial proceedings and in the trial itself, defendant often appeared to be acting as chief counsel for the defense rather than the accused.... It suffices to say, that defendant's many previous experiences in the courts and exposure to prison-based schooling, have endowed him with a remarkable acquaintance with and knowledge of the working lores of the law and how to postpone, if not avoid, its prompt processing."

The judgment is affirmed.

All concur.