PEOPLE v KIAUNIS

Docket No. 68822. Submitted August 16, 1983, at Grand Rapids.—
Decided January 3, 1984.

Defendant, Jerome E. Kiaunis, was convicted in the Mecosta
Circuit Court following his plea of guilty to the misdemeanor of
driving under the influence of intoxicating liquor, second of-
fense. The trial court, Lawrence C. Root, J., sentenced defen-
dant to one year imprisonment and a $200 fine. Although he
pled guilty to a second offense of DUIL, defendant in fact had
three prior DUIL misdemeanor convictions which the court
considered in sentencing him. Defendant appeals, claiming that
at one of his prior convictions he was not represented by
counsel and, thus, the court could not properly consider this
conviction in sentencing him. *Held:*

1. A defendant is entitled to a *Tucker* hearing to determine
the validity of a prior conviction at which he was not repre-
sented by counsel if he presents prima facie proof that his right
to counsel was violated.

2. The defendant has not provided proof sufficient to permit
defendant to collaterally challenge the validity of his prior
DUIL conviction, and thus a *Tucker* hearing is unwarranted.
At such prior conviction, defendant was advised of his right to
counsel, was given an opportunity to retain counsel, and was
denied appointed counsel only after the court determined that
defendant was able to afford counsel. Whether that court erred
in finding defendant not indigent and able to afford counsel is
an issue which can only be raised in a direct appeal from such
prior conviction.

Affirmed.

1. CONSTITUTIONAL LAW — SENTENCING — PRIOR CONVICTIONS —
ATTORNEY AND CLIENT — CRIMINAL LAW.
A case must be remanded to the trial court for resentencing

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 976.
[1-4] 21A Am Jur 2d, Criminal Law §§ 967 *et seq.*, 988 *et seq.*
30 Am Jur 2d, Evidence § 1175.
[4] 21A Am Jur 2d, Criminal Law § 976 *et seq.*
Determination of indigency of accused entitling him to appointment
of counsel. 51 ALR3d 1108.

where the record shows that the sentencing court considered a prior felony or misdemeanor conviction at which the defendant was not represented by counsel where such prior conviction was constitutionally infirm because the defendant was not advised of nor effectively waived his right to counsel.

2. CONSTITUTIONAL LAW — SENTENCING — PRIOR CONVICTIONS — ATTORNEY AND CLIENT — CRIMINAL LAW.

A prior misdemeanor conviction obtained when the defendant was not represented by counsel may not be used as a basis for enhancing the penalty and imposing imprisonment for a subsequent offense, even if the prior misdemeanor conviction is not itself invalid because imprisonment was not imposed and thus no right to counsel existed, if the defendant did not make a valid waiver of the right to counsel at the prior proceeding.

3. CONSTITUTIONAL LAW — PRIOR CONVICTIONS — VALIDITY OF PRIOR CONVICTIONS — ATTORNEY AND CLIENT — EVIDENCE.

A defendant is entitled to a *Tucker* hearing to determine the validity of a prior conviction at which the defendant was not represented by counsel where the defendant presents prima facie proof that his right to counsel was violated.

4. CRIMINAL LAW — APPEAL — ATTORNEY AND CLIENT — VALIDITY OF PRIOR CONVICTIONS.

The issue of whether in a prior conviction the court erred in finding the defendant not indigent and able to afford counsel is an issue which can be raised only in a direct appeal from the prior conviction and is not a proper basis for a collateral challenge to the prior conviction in an appeal from a subsequent conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John E. Vermeer,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

MacKENZIE, J. Defendant appeals as of right from his plea-based misdemeanor conviction of driving under the influence of liquor (DUIL), second offense, MCL 257.625; MSA 9.2325, for which he was sentenced to one year imprisonment and fined $200. Although defendant pled guilty to a second offense of DUIL, in fact defendant had three prior DUIL misdemeanor convictions which the court considered in sentencing him. Defendant claims that at one of these prior convictions, in 1980, he was not represented by counsel, and thus the court could not properly consider this conviction in sentencing him. The single issue before us is whether defendant is entitled to a remand for a *Tucker* hearing and possible resentencing. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

It is well established that resentencing is required where the record shows that the sentencing court considered a prior conviction at which the defendant was not represented by counsel which is constitutionally infirm because the defendant was not advised of nor effectively waived his right to counsel. *United States v Tucker, supra; People v Moore, supra.* Although *Tucker* and *Moore* involved prior felony convictions, at which the defendant was not represented by counsel, the United States Supreme Court has extended this principle to prior misdemeanor convictions at which the defendant was not represented by counsel. Even if a prior misdemeanor conviction at which the defendant was not represented by counsel is not itself invalid because imprisonment was not imposed and thus no right to counsel existed, *Scott v Illinois,* 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979), still that conviction may not be used as a basis for enhancing the penalty and imposing

imprisonment for a subsequent offense if the defendant did not make a valid waiver of the right to counsel at the prior proceeding, *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980). A defendant is entitled to a *Tucker* hearing to determine the validity of a prior conviction at which he was not represented by counsel if he presents prima facie proof that his right to counsel was violated. *People v Moore, supra,* pp 440-441.

In the instant case, the proof presented by defendant is the transcript of the arraignment on the prior misdemeanor charge reflecting that the court advised defendant of his right to be represented by counsel, inquired into defendant's financial status, and determined that defendant was not unable to retain counsel. While the court denied defendant appointed counsel, the court explained to defendant that he could retain counsel to represent him at subsequent proceedings. Defendant was later found guilty of DUIL at bench trial at which he was not represented by counsel.

We find that defendant has not provided proof sufficient to permit defendant to collaterally challenge the validity of his prior DUIL conviction, and thus a *Tucker* hearing is unwarranted. The present case is not one involving a prior conviction at which the defendant was not represented by counsel where the defendant was not advised of his right to counsel or did not effectively waive his right to counsel. Compare *United States v Tucker, supra* (defendant neither advised of nor validly waived right to counsel); *Baldasar v Illinois, supra* (no formal waiver of right to counsel); *People v Moore, supra* (defendant not offered counsel though pleaded poverty). Rather, in the instant case defendant was advised of his right to counsel, was given an opportunity to retain counsel, and

was denied appointed counsel only after the court determined that defendant was able to afford counsel. Whether the court erred in finding defendant not indigent and able to afford counsel is an issue which can be raised only in a direct appeal from the prior conviction, and is not a proper basis for a collateral challenge to the prior conviction in an appeal from a subsequent conviction. Consequently, we deny defendant's request for a remand and affirm his conviction and sentence.

Affirmed.