THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUKE ALBERT MASTERS, a/k/a Albert Luke Masters, Defendant-Appellant.

Fourth District No. 4—88—0538

Opinion filed June 1, 1989.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On June 24, 1988, defendant Luke Albert Masters, after being convicted *in absentia*, was sentenced *in absentia* to 18 months' imprisonment for committing the offense of retail theft with a prior conviction for retail theft, in violation of section 16A—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3). The question presented for review is whether a prior, uncounseled misdemeanor conviction, in which defendant waived counsel, can be used to enhance a subsequent misdemeanor to a felony. We hold that it can.

On January 2, 1988, defendant and some friends were in a Venture store in Decatur. The store security guards observed defendant

put on a pair of new shoes and hide his old ones. They also observed the others bring various items and put them in defendant's coat. Defendant left without paying for these items and was stopped in the parking lot. His coat contained a slit on the inside which would open into a large pocket. When interviewed, defendant stated: "What is there to talk about, I am guilty and I shouldn't have done it." The value of the items taken was under $150.

Defendant appeared for his preliminary hearing but failed to appear for his trial, and was convicted *in absentia.* At the sentencing, the State introduced a certified copy of defendant's November 30, 1987, conviction for misdemeanor retail theft. Commission of retail theft of property valued under $150 is a Class A misdemeanor unless the perpetrator has certain prior convictions, including retail theft, in which case it becomes a felony. (Ill. Rev. Stat. 1987, ch. 38, par. 16A–10.) Over defendant's objection, the court allowed its admission, which enhanced the instant offense to a felony, and sentenced defendant to 18 months' imprisonment.

Defendant, observing the earlier conviction arose out of a *pro se* guilty plea, contends the use of that conviction to enhance the present one is improper. He argues that pursuant to *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, the use of an uncounseled misdemeanor conviction to enhance a subsequent misdemeanor to a felony is impermissible.

*Baldasar* is the most recent in a series of cases dealing with the necessity of the presence of counsel in misdemeanor prosecutions. In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, the Court held that no person may be imprisoned for any offense unless he is represented by counsel at his trial. In *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, the Court answered a question left unanswered in *Argersinger,* and held that this requirement of counsel did not apply if the defendant was not sentenced to imprisonment. In *Baldasar,* the Court determined, in a *per curiam* decision, that an uncounseled misdemeanor conviction cannot be used to enhance a subsequent misdemeanor conviction to a felony.

■ This leaves unanswered the question of whether a misdemeanor conviction, in which the defendant knowingly waives counsel and proceeds *pro se,* can be used to enhance a subsequent misdemeanor to a felony. Our review has convinced us that it can.

The above-cited cases, by their very language, answer this question. In *Argersinger* (407 U.S. at 37, 32 L. Ed. 2d at 538, 92 S. Ct. at 2012), the Court stated:

"We hold, therefore, *that absent a knowing and intelligent waiver*, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Emphasis added.)

In *Scott*, the Court quoted the above language and held the State could not sentence an indigent defendant to imprisonment unless it afforded him the right to counsel. It did not require the defendant avail himself of that opportunity. Similarly, in *Baldasar* (446 U.S. at 223, 64 L. Ed. 2d at 172, 100 S. Ct. at 1585), the opinion noted that defendant "was not represented by a lawyer and did not formally waive any right to counsel," which suggests a different result would occur if, in fact, counsel had been waived. Thus, we are led to the inexorable conclusion that the sole obligation of the State, as set forth in these cases, is to offer indigent defendants the representation of counsel. Once that is offered, the determination as to whether to accept it is up to the defendant and, regardless of that decision, any conviction can be treated as though counsel had been present.

This analysis finds further support in a defendant's well-recognized constitutional right to represent himself in a criminal proceeding. (See *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) In fact, this right bars the State from forcing a defendant to accept counsel's representation. (*Faretta*, 422 U.S. at 836, 45 L. Ed. 2d at 582, 95 S. Ct. at 2541.) Thus, if a waiver of counsel does not authorize use of the conviction, we are faced with quite a paradox. On one hand, a misdemeanor conviction cannot be used unless counsel is present. However, on the other hand, if a defendant does not want counsel, one cannot be forced upon him. Therefore, a criminal defendant could manipulate the system and keep any misdemeanor convictions from being used against him in the future by simply refusing to accept counsel and proceeding *pro se*. This result is clearly illogical and not mandated by any of the above-mentioned opinions.

Accordingly, we hold that where a defendant in a misdemeanor makes a knowing and intelligent waiver of counsel, any conviction in that case can be used, where authorized by statute, to enhance any subsequent misdemeanor to a felony.

■ Defendant lastly argues he did not effectively waive his right to counsel in the earlier conviction, insisting that the admonitions he received were defective. However, the record belies this claim. We have reviewed the guilty plea proceeding in question and find that the admonitions given there comply with Supreme Court Rules 401 and 402 (107 Ill. 2d Rules 401, 402). Defendant knowingly and intelli-

gently waived his right to counsel in that proceeding, and was properly convicted and sentenced in this one.

Affirmed.

KNECHT and SPITZ, JJ., concur.