ZEHMER, Judge
(specially concurring).
I concur in the above opinion, but feel it appropriate to write about a matter that is left unclear in the supreme court’s opinion.
The supreme court’s opinion recognizes that a criminal defendant’s right to counsel is guaranteed under both the United States Constitution and the Florida Constitution. The court cites Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, reh. denied, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980), as authority for the scope and implementation of the federal constitutional right to counsel in respect to prosecutions for misdemeanors and the prohibition against using misdemeanor convictions in a subsequent case to enhance the length of a defendant’s sentence to imprisonment when such misdemeanor convictions were obtained without representation by counsel so guaranteed (i.e., a criminal offense punishable by more than six months’ imprisonment, or. the defendant is convicted of a misdemeanor offense and is actually subjected to a term of imprisonment).
The Baldasar opinion, however, does not necessarily set the scope of the right to counsel in cases under state law. As the second district noted in Leffew v. State, 518 So.2d 1376, 1378 (Fla. 2d DCA 1988):
Thus, it appears that the statement that an “uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel” cannot be used as a general rule without looking to the specific facts of each case. The key is that an uncounseled conviction may not be used for enhancement if the defendant in fact had a right to counsel in the prior proceedings.
Therefore, it is necessary to look not only to the federal constitutional right to counsel described in the pertinent decisions of the United States Supreme Court, but also to state law governing the right to counsel in misdemeanor cases.
Consistent with this approach, the supreme court’s opinion in this case further cites to Florida Rule of Criminal Procedure 3.160 as authority for the implementation of the right to counsel guaranteed in article I, section 16, of the Florida Constitution. However, that rule alone does not define the extent of this right under Florida law implementing the constitutional provision; reference must also be made to Florida Rule of Criminal Procedure 3.130(c) and section 27.51, Florida Statutes (1991). Section 27.51(1) guarantees an indigent defendant the right to representation by the public defender when the defendant is un *1214 der arrest for or charged with (a) a felony, or (b) “a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted.” (Emphasis added.)[2] Certainly, a criminal defendant’s right to appointed counsel under Florida law and a defendant’s right to retain counsel at his own expense are coextensive, so that the cited statute establishes the basic minimum right to counsel in any Florida criminal action. Rules 3.130(c) and 3.160(e) implement the right to counsel under Florida constitutional and statutory provisions by requiring the court, at first appearance and at arraignment, to advise the defendant of this right to counsel, whether appointed by the court or retained by the defendant. Reading the statutory provision in pari materia with the cited rules, the extent of the right to counsel under the Florida Constitution is significantly broader than the right guaranteed under the United States Constitution as defined in Baldasar, in that Florida law guarantees counsel to a criminal defendant in every misdemeanor case regardless of the authorized period of imprisonment unless the court certifies prior to trial that the defendant will not be imprisoned. Unlike the federal right, under Florida law the defendant need not be at risk of more than six months’ imprisonment; any risk of imprisonment triggers the right to counsel unless the trial court makes the required certificate.
The supreme court’s opinion in this case describes the defendant’s burden, when showing entitlement to counsel, as requiring an averment under oath “that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment.” In so stating, the opinion has accurately characterized the federal right to counsel under United States Supreme Court decisions, but apparently has overlooked the more expansive right to counsel guaranteed by Florida law. Thus, I would read the supreme court’s opinion as requiring a defendant to aver that the misdemeanor offense was punishable by more than six months’ imprisonment or subjected the defendant to actual imprisonment only in those circumstances when the defendant is relying on deprivation of the federal constitutional right to counsel; an averment showing the right to counsel under state law, i.e., a risk of imprisonment for any length of time in the absence of the certificate, is all that is required in those instances when the defendant asserts a deprivation of his right to counsel under Florida law. To do otherwise would treat the supreme court’s opinion as fashioning a more restrictive state standard governing the right to counsel than is currently provided under Florida law.
With these qualifying comments, I concur in the court’s opinion on remand.

. The emphasized language was added in 1980 by an amendment adopted by the legislature shortly after the Supreme Court's decision in Baldosar was published. Ch. 80-376, § 2, Laws of Florida.