**Joseph HOBSON, Petitioner–Appellant,**

v.

**Kenney ROBINSON, Respondent–Appellee.**

**No. 01–1125.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

### ORDER

Pro se Michigan prisoner Joseph Hobson appeals a district court judgment that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Hobson pleaded guilty in Michigan state court to charges of armed robbery, assault with intent to do bodily harm less than murder, and to being a habitual offender. He was sentenced to concurrent sentences of fifteen-to-forty and eight-to-fifteen years of imprisonment. Hobson unsuccessfully challenged his sentence in the Michigan courts.

In 1999, Hobson filed the instant § 2254 petition. He claimed that the state trial court clearly erred in determining that he failed to show that his juvenile convictions were uncounseled and thus constitutionally infirm. The district court denied relief. The court granted Hobson a certificate of appealability on the issue raised.

In his timely appeal, Hobson reasserts his § 2254 claim. Both parties have filed briefs.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). A district court's judgment will be affirmed unless the record reflects an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

It is undisputed that Hobson did not object to the account of his criminal history that the state sentencing judge relied upon in imposing sentence. Just prior to sentencing, the judge noted that Hobson's juvenile record contained convictions for the crimes of breaking and entering, assault, malicious destruction of property, unauthorized use of a motor vehicle, and possession of a stolen vehicle. The sentencing judge also took note of Hobson's extensive adult criminal record, which included convictions of the following crimes: receiving and concealing stolen property–under $100, receiving and concealing stolen property–over $100, aggravated as-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

sault, open receptacle in a motor vehicle, possession of cocaine, breaking and entering an occupied dwelling with the intent to commit a felony, larceny–under $100, and malicious destruction of a building–under $100.

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The writ may issue only if "the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

▇ Clearly established federal law prohibits the use of uncounseled convictions to enhance punishment. *See Baldasar v. Illinois*, 446 U.S. 222, 226, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); *Burgett v. Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). However, the burden was upon Hobson to prove the invalidity or unconstitutionality of the prior convictions. *Parke v. Raley*, 506 U.S. 20, 28–34, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (holding that the presumption of regularity that attaches to final judgments makes it appropriate for the defendant to bear the burden of showing an irregularity in the proceedings); *Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *United States v. French*, 974 F.2d 687, 701 (6th Cir.1992); *United States v. Bradley*, 922 F.2d 1290, 1297 (6th Cir.1991).

▇ By not objecting to the consideration of his juvenile adjudication at the sentencing hearing, Hobson not only failed to carry his burden of showing the invalidity of those convictions, he failed to shoulder it. As the district court concluded, the record evidence supports a finding that the state court's decision was not objectively unreasonable.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.