949 A.2d 329 (2007)
401 N.J. Super. 180
STATE of New Jersey, Plaintiff
v.
Janeen M. THOMAS, Defendant.
Municipal Appeal No. 87-06
Superior Court of New Jersey, Law Division, Criminal, Burlington County.
Decided December 21, 2007.
Jason D. Saunders, Assistant Prosecutor, for the State (Robert D. Bernardi, Burlington County Prosecutor, attorney).
David S. Bradley, for defendant (Levow & Associates, PA, attorneys).
MORLEY, J.S.C.
In this trial de novo on an appeal from the Cinnaminson Township Municipal Court, the issue is whether State v. Launch, 120 N.J. 1, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990), prohibits the imposition of an enhanced period of incarceration for driving while one's license is suspended as the result of a driving while intoxicated (DWI) conviction, under N.J.S.A. 39:3-40(f)(2), *330 when the underlying conviction was uncounseled.[1]
On December 8, 2005, defendant pled guilty in the Pennsauken Township Municipal Court to driving while intoxicated, in violation of N.J.S.A. 39:4-50. As part of her sentence, a seven-month suspension of her license to operate a motor vehicle was imposed.
On March 28, 2006, defendant was convicted in the Moorestown Township Municipal Court of the same offense,[2] and was sentenced to, inter alia, a two-year license suspension.
On April 20, 2006, defendant was convicted of driving while her license was suspended, in violation of N.J.S.A. 39:3-40. That suspension was not related to either of the aforementioned, or any other, DWI offense.
On August 13, 2006, defendant was charged in Cinnaminson Township with operating a motor vehicle during the period of suspension imposed on the Moorestown DWI conviction. Upon entry of a guilty plea on November 9, 2006, defendant was sentenced to 20 days in the Burlington County Jail, pursuant to N.J.S.A. 39:3-40(f)(2), as well as fines, costs and an additional one-year license suspension. Defendant served five days of the jail sentence before obtaining a stay pending this appeal.
On November 4, 2006, defendant was charged in Delran Township again with driving while intoxicated. Before the case could be heard there, defendant sought post-conviction relief (PCR) from the Moorestown court on the grounds that her DWI conviction there had been uncounseled. That court agreed, and relief was granted consistent with Laurick, so that the Moorestown conviction was not considered when defendant was sentenced as a second-time DWI offender on her plea of guilty to the Delran charge on August 10, 2007.
The only issue advanced in this appeal is whether an enhanced jail term may be imposed on the Cinnaminson charge of driving during a period of license suspension when the suspension resulted from the uncounseled Moorestown DWI conviction. The State does not argue that this court is not bound by the Moorestown court's determination on defendant's PCR, but only that it does not entitle her to the relief sought here. Instead, the State argues that, because defendant was charged with driving while her license was suspended, rather than DWI, Laurick is inapplicable.
In Laurick, the Supreme Court held that:
[i]t is constitutionally permissible that a prior uncounseled DWI conviction may establish repeat offender status for purposes of the enhanced penalty provisions of the DWI laws of the State of New Jersey. The only constitutional limit is that a defendant may not suffer an increased period of incarceration as the result of a Rodriguez violation that led to the uncounseled conviction.
[Laurick, supra, 120 N.J. at 16, 575 A.2d 1340. (emphasis in original)]
A Rodriguez violation is a municipal court's failure to comply with the administrative policy that requires it to notify defendants facing charges carrying possible *331 "consequence[s] of magnitude" that they have a right to counsel and, if indigent, the appointment of counsel at no cost. Id. at 8, 575 A.2d 1340. See Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971).
Laurick was decided in at least partial reliance on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), our Supreme Court being satisfied that, despite the lack of a majority opinion in Baldasar, it nevertheless articulated "a core value . . . that an uncounseled conviction without waiver of the right to counsel is invalid for the purpose of increasing a defendant's loss of liberty." Laurick, supra, 120 N.J. at 16, 575 A.2d 1340. Later, however, in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the United States Supreme Court held that it is constitutionally permissible to enhance a sentence, even as to the length of imprisonment, on the basis of an uncounseled prior conviction. Id. at 746-47, 114 S.Ct. at 1927, 128 L.Ed.2d at 754.
Following the Nichols decision, our Supreme Court reconsidered Laurick in State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005). There, the Court declared that:
[d]espite the Nichols holding . . . we are convinced that a prior uncounseled DWI conviction . . . is not sufficiently reliable to permit increased jail sanctions under the enhancement statute. A contrary conclusion would severely undermine the policy embodied in Rodriguez, and our Court Rules. . . . In short, we affirm the continuing vitality of Laurick as it applies to our jurisprudence.
[Id. at 362-63, 877 A.2d 1209.]
Although the defendants in both Laurick and Hrycak faced enhanced sentences under the DWI statute, there is nothing in the language or the reasoning of either case that would permit the conclusion urged by the State: that their holdings apply only to sentences imposed under the DWI statute. Rather, although neither required by the federal constitution nor articulated as a state constitutional principle, it remains the law in New Jersey that no defendant may be sentenced to an increased period of incarceration for any offense on the basis of an uncounseled conviction.
Here, defendant has pled guilty to the offense of driving while her license was suspended, in violation of N.J.S.A. 39:3-40. The State seeks to have her sentenced, as she was in the municipal court[3], in accordance with subsection (f)(2) of that statute, due to the fact that the license suspension had been imposed as the result of the Moorestown DWI conviction.
Subsection (f)(2) provides that "any person violating this section [during a] suspension issued pursuant to . . . [the DWI statute] . . . shall be imprisoned in the county jail for not less than 10 days or not more than 90 days." Otherwise, a second conviction for driving during a period of suspension is punishable by imprisonment for no more than five days under N.J.S.A. 39:3-40(b).
At the time of the instant charge of driving while her license was suspended, defendant had only one prior conviction for the same offense. Therefore, a jail sentence exceeding five days here would subject her to an increased loss of liberty predicated solely on the fact that the underlying suspension was imposed for a *332 DWI conviction. However, because the conviction on which the State would have the court predicate an enhanced jail sentence was uncounseled, to impose a sentence in excess of five days would violate the mandate of Laurick.
Accordingly, defendant must be sentenced as a second-time offender under N.J.S.A. 39:3-40(b).
NOTES
[1] In the context of this case, as well as the authorities upon which it relies, an uncounseled conviction is one that was entered in the absence of a knowing and voluntary waiver of the right to counsel by a defendant.
[2] The Moorestown offense had occurred more than 11 months before that which resulted in the Pennsauken conviction.
[3] Because the Moorestown PCR had not yet been decided when the instant case was heard in the Cinnaminson court, the issue addressed in this opinion was never raised there.