Randy A. SCHINDLER, Petitioner,

v.

CLERK OF CIRCUIT COURT, CHIPPE-
WA COUNTY, WISCONSIN; Hon.
Richard H. Stafford, Circuit Judge, pre-
siding, and Attorney General Bronson C.
La Follette, Respondents.

No. 82–C–696.

United States District Court,
W.D. Wisconsin.

Nov. 29, 1982.

John E. Tradewell, Asst. State Public De-
fender, Madison, Wis., for petitioner.

Jerome Schmidt, Asst. Atty. Gen., Madi-
son, Wis., for respondents.

ORDER

CRABB, Chief Judge.

This is a petition for a writ of habeas
corpus. Petitioner contends that he is re-
strained of his liberty by virtue of a prison
sentence imposed on him in the Circuit
Court for Chippewa County, Wisconsin, and
that such restraint is in violation of the
United States Constitution. 28 U.S.C.
§ 2254. He contends that the state trial
court erred in sentencing him as a third
offender, when one of his two prior convic-
tions was obtained without benefit of coun-

sel and without a knowing and voluntary waiver of any right to counsel.

Respondent has filed relevant portions of the transcript from the trial and sentencing hearing on petitioner's third offense.

From the record, I make the following findings of fact.

## FACTS

On October 12, 1978, petitioner was convicted of a first offense of operating a motor vehicle under the influence of an intoxicant in violation of Wis.Stats. § 346.-63(1). Because it was a first offense, petitioner was subject only to a civil forfeiture. Wis.Stats. § 346.65(2)(b). Petitioner was not represented by counsel at the proceedings leading to this conviction, and there is no indication that he was informed of a right to counsel or that he knowingly and voluntarily waived any such right. Petitioner was indigent at the time of the proceedings.[1]

Subsequently, petitioner was convicted of a second offense of driving while intoxicated, after being informed of his right to counsel and waiving that right.

On July 29, 1981, after a trial in which he was represented by counsel, petitioner was convicted of a third offense of driving while intoxicated. As it read at the time, Wis. Stats. § 346.65(2) provided that the minimum sentence for a conviction of third offense within a five-year period of driving while intoxicated was a fine of $500 and imprisonment for thirty days. Under the same statute, a second offense committed within five years was punishable by a fine of $250 to $1,000 and a jail term of five days to six months.

At the sentencing hearing on petitioner's third offense, petitioner's counsel objected to the use of third offender sentencing standards, arguing that *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169

(1980) prohibited the imposition of an enhanced sentence based upon prior, uncounselled convictions. The court held that *Baldasar* was not controlling and sentenced petitioner to the minimum sentence for a third conviction of driving while intoxicated, thirty days in jail and a $500 fine (in addition to certain costs).

Petitioner filed a notice of appeal in state court. Shortly thereafter, the Wisconsin Supreme Court denied an appeal from a defendant in a case squarely analogous to petitioner's, holding in favor of the position advocated by respondents in the instant action. *State v. Novak,* 107 Wis.2d 31, 318 N.W.2d 364 (1982). Petitioner then voluntarily dismissed his state court appeal.

On August 18, 1982, petitioner filed a petition for a writ of habeas corpus in this court.

As of November 8, 1982, petitioner had not begun service of any part of his thirty-day sentence.

## OPINION

■ Before turning to the merits of the petition, I address respondents' argument that by voluntarily dismissing his state court appeal plaintiff failed to exhaust available state remedies as required by 28 U.S.C. § 2254. The provisions of 28 U.S.C. § 2254(b) state explicitly that exhaustion of state remedies is unnecessary in the presence of "circumstances rendering such process ineffective to protect the rights of the prisoner." Numerous courts have adhered to the principle that state remedies need not be exhausted

> if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decisions on point or any other indication that the state court intends to depart from its prior decisions.

1. This conclusion derives from the record of petitioner's sentencing hearing. At that hearing petitioner was questioned, under oath, about his financial status in 1978. Answer to Petition for Writ of Habeas Corpus, Exh. C. Respondent's answer is ambiguous on the issue

of indigency but appears to concede the point. *See* Answer to Petition for Writ of Habeas Corpus, Para. 2. Petitioner has been granted leave to proceed *in forma pauperis* in the instant action.

*Sweet v. Cupp,* 640 F.2d 233 (9th Cir.1981) (citing cases). I find that a state court appeal would have been futile in light of the recent Wisconsin Supreme Court decision in *State v. Novak.* I therefore find that petitioner did not fail to fulfill the exhaustion requirement of 28 U.S.C. § 2254.

■ Turning now to the merits of the petition, I conclude that the writ must be granted.[2]

The constitutional right to representation by counsel has been expanded from capital cases, *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), to all felonies, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and to misdemeanors, *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The current rule is that "no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense," *Scott v. Illinois,* 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). The focus of the leading opinions in this area has been in part on the specialized skill needed for a meaningful criminal defense, *see Powell v. Alabama,* 287 U.S. at 60, 53 S.Ct. at 60–61; the constitutionally-based status of legal representation in criminal cases as a fundamental right, *Gideon v. Wainwright,* 372 U.S. at 344, 83 S.Ct. at 796; the unreliability of the outcome in a case conducted without defense counsel, *Argersinger v. Hamlin,* 407 U.S. at 31–36, 92 S.Ct. at 2009–12; and the profound difference between imprisonment and other forms of punishment, *Scott v. Illinois,* 440 U.S. at 373, 99 S.Ct. at 1161–62.

In *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, the United States Supreme Court considered the issue that is in dispute here: whether an uncounselled prior conviction may be used to enhance a later sentence where the effect of enhancement will be to increase the term of imprisonment.

In *Baldasar,* the defendant was charged with a misdemeanor. He was not represented by a lawyer and he did not waive any right to counsel. Because his conviction resulted in a fine only, it was valid under the holding in *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383. However, the United States Supreme Court held that the uncounselled conviction could not be used to increase the period of imprisonment imposed for a subsequent conviction.

Justice Marshall's concurring opinion in *Baldasar,* which was joined by two other justices,[3] found that petitioner's uncounselled prior conviction, while valid in itself, "was not valid for all purposes. Specifically, under the rule of *Scott* and *Argersinger,* it was invalid for the purpose of depriving petitioner of his liberty." *Baldasar v. Illinois,* 446 U.S. at 226, 100 S.Ct. at 1587 (Marshall, J., concurring). Justice Marshall found unpersuasive the argument that the imprisonment in question was imposed as a sentence for Baldasar's *second* offense; the determining factor was that the earlier conviction served as the basis for increasing the term of imprisonment.

An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute... [A] rule that held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, would be

---

**2.** The fact that petitioner has not yet been confined to jail does not deprive him of the opportunity to have his petition evaluated on its merits. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

**3.** There was no opinion for the Court. The concurring opinion of Justice Stewart was also joined by two other justices. Justice Blackmun concurred separately. Justices Powell, White, and Rehnquist and the Chief Justice dissented.

an illogical and unworkable deviation from our present cases.

*Id.* at 227–29, 100 S.Ct. at 1587–89.

■ I find the reasoning of Justice Marshall's opinion in *Baldasar* to be controlling in the present case.[4] It is not a constitutionally significant distinction that the uncounselled conviction implicated in *Baldasar* was for a misdemeanor, while the one involved here was for a civil forfeiture offense. Both of the prior uncounselled proceedings were valid in themselves under the rule of *Scott v. Illinois;* under the same rule, neither may be used as the basis for computing a later sentence of imprisonment. Indeed, the concern about inaccurate and unfair results where defense counsel is not present may become more pressing, not less, when less serious charges are involved, since courts are frequently deluged with such cases and may not be as scrupulous about providing procedural protections. *See Baldasar v. Illinois,* 446 U.S. at 227–28 n. 2, 100 S.Ct. at 1588 n. 2 (Marshall, J., concurring).[5]

■ It is also not determinative that the sentencing range for second offenders included the sentence actually imposed on petitioner. Wis.Stats. § 346.65(2)(a). The evidence shows that petitioner was sentenced as a third offender and was given the minimum jail term prescribed by statute, which is thirty days, while the minimum jail term for a second offense is five days. Wis.Stats. § 346.65(2)(a). This court cannot know whether the state trial judge would have exercised his discretion to set petitioner's jail term at less than thirty days had he believed he was empowered to do so. It is beyond question that the classification of petitioner as a third offender deprived the trial judge of that opportunity. *See Baldasar v. Illinois,* 446 U.S. at 226–27 n. 1, 100 S.Ct. at 1587 n. 1 (Marshall, J., concurring) ("The fact that petitioner could be sentenced to *some* period of incarceration as a result of his second conviction does not, of course, prevent him from objecting to a further deprivation of liberty on the basis of an uncounseled conviction.").

In holding that uncounselled civil forfeitures may not be used for enhancement purposes, I recognize the potential impact of this decision upon the state's legislative scheme for dealing efficiently and effectively with the serious problem of intoxicated drivers. Whatever adverse impact there is, however, "cannot outweigh the Sixth Amendment command that no one may be imprisoned as a result of a conviction in which he was denied the assistance of counsel." *Baldasar v. Illinois,* 446 U.S. at 229 n. 3, 100 S.Ct. at 1589 n. 3 (Marshall, J., concurring).

Under the rule announced today, trial judges in civil forfeiture proceedings will face a choice analogous to that which judges in misdemeanor trials have faced since the decision in *Argersinger v. Hamlin,* 407 U.S. at 40, 92 S.Ct. at 2014. The judge will know that no enhanced prison sentence may be imposed on the basis of a civil forfeiture offense conviction, unless the accused was represented by counsel at the forfeiture offense proceeding. The judge may then decide on this basis whether to make a lawyer available to an indigent defendant before the proceeding begins.

---

4. Respondents have argued that, because no majority of the Supreme Court joined a single doctrinal basis for the holding in *Baldasar v. Illinois,* the fifth "swing vote" of Justice Blackmun must be examined to discern the narrowest and therefore most precedentially valuable basis of the holding. However, Justice Blackmun's concurrence is based on a "bright line" test which would require appointment of counsel for indigents tried for crimes subject to a possible penalty of more than six months in jail. This test, which Justice Blackmun first set forth in dissent in *Scott v. Illinois,* has never been accepted by a majority of the Court, or indeed by any Justice other than Justice Blackmun. By contrast, I find that the reasoning of Justice Marshall's concurrence in *Baldasar* is squarely in line with the principles of *Argersinger* and *Scott* and is, additionally, consistent with the reasoning of Justice Stewart's *Baldasar* concurrence.

5. For example, there is no evidence in this record of the burden of proof applied in Wisconsin for the first offense of driving while intoxicated, which is classified by statute as a civil forfeiture offense. Wis.Stats. § 346.65(2)(a).

## ORDER

IT IS ORDERED that the petition for a writ of habeas corpus is GRANTED.[6]

This order will be stayed for thirty days, to permit respondents to resentence petitioner as a second offender under Wis.Stats. § 346.65(2)(b) as in effect at the time of petitioner's January 13, 1982, sentencing hearing. If, within thirty days of the date of this order, respondents have not filed and served an affidavit demonstrating that petitioner has been resentenced in compliance with the terms of this order, a writ of habeas corpus will issue.

---

**6.** Since I grant the writ of habeas corpus, I need not address petitioner's "Motion for Re- consideration of Order Denying Petitioner's Motion for Enlargement on Bond."