Ronald Raymond
**ADDVENSKY, Petitioner,**

v.

**Robert GUNNELL, Warden, F.C.I. Danbury, Connecticut, Respondent.**

Civ. No. B–83–73.

United States District Court, D. Connecticut.

July 11, 1983.

---

M. Yvonne Gonzalez, Branford, Conn., for petitioner.

Kurt F. Zimmermann, Asst. U.S. Atty., New Haven, Conn., for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

DALY, Chief Judge.

Petitioner, Ronald A. Addvensky, was sentenced by United States District Judge George Carr, in the Middle District of Florida, to four years imprisonment, pursuant to 18 U.S.C. § 4205(b)(1), upon being convicted of transportation of forged securities. 18 U.S.C. § 2314. Petitioner is currently incarcerated at the F.C.I. in Danbury, Connecticut. Petitioner was afforded an initial parole hearing resulting in the Parole Commission finding an applicable guideline range of 36–48 months, based upon a salient factor score of seven (7) and an offense severity rating of "very high." Upon petitioner's appeal from this decision, the Regional Commissioner reduced the guideline range to 20–26 months, finding a lower offense severity rating of "high" to combine with the unchanged salient factor score of seven (7). The Regional Commissioner's decision, affirmed by the National Appeal Board, was to continue petitioner to a presumptive parole date, after 26 months, of March 18, 1984.

Petitioner challenges this decision for three principal reasons. First, petitioner claims that the Parole Commission decision to establish a presumptive parole date at the top of the guidelines is unlawful and violative of his due process rights. Second, petitioner claims that this decision is further unlawful and violative of his due process rights in view of both Judge Carr's remarks at sentencing and his comment on the Form AO 235 on which Judge Carr wrote, "[i]t is the intent and desire of this Court that the defendant be paroled upon service of one (1) year of the sentence." Third, and more fundamentally, petitioner alleges that the Parole Commission, in violation of petitioner's constitutional rights,

arrived at a salient factor score by considering three prior convictions at which petitioner was not represented by counsel.[1] In view of these claims, petitioner asks for a new parole hearing, at which the Commission cannot rely on these uncounseled convictions in computing the salient factor score. Petitioner's papers, although not explicit on the point, can also be read to ask this Court to direct the Commission to follow the sentencing judge's recommendation or to decide on the lower end of the guideline range, or to at least explain its decision on the resulting presumptive parole date, even if that date is not outside the guideline range.

The status of the case as it comes to this Court is that the Parole Commission considered petitioner as having four prior convictions for purposes of calculating his salient factor score. The first conviction, on March 3, 1972, was for receiving stolen property, for which petitioner was sentenced to 2 years probation. The second conviction, also on March 3, 1972, and resulting in a concurrent 2 year probation term, was for breaking and entering and for larceny. Although this "second conviction" was on two separate charges, the Parole Commission considers the charges as a single conviction as they arise from the same offense behavior. Petitioner does not challenge either his "first" or "second" conviction.

The "third" and "fourth" convictions are at the center of petitioner's complaint. The "third" conviction resulted from an arrest on December 1, 1973 on charges of disorderly person and simple assault on a police officer. On December 20th of that year, petitioner was fined $50.00 on the disorderly person charge and was fined $100.00 on the simple assault charge. The New Jersey Court's judgment orders demonstrate that petitioner pleaded guilty to the charge of disorderly person, see Supplemental Traverse, Exh. B, and pleaded not guilty to

simple assault on a police officer, see id., Exh. A. Petitioner alleges that these proceedings, a trial to the court on the simple assault charge, and the guilty plea on the disorderly person charge, "were conducted over protests of [p]etitioner that his retained counsel was not present." Id., at 2. The judgment order of the simple assault charge affirmatively shows that petitioner was without counsel, id., Exh. A, while the judgment order on the disorderly person charge indicates neither the presence nor absence of counsel, id., Exh. B. There is no allegation that petitioner waived the right to counsel on either charge or that petitioner was not an indigent. The Court notes that these judgment orders indicate that both proceedings occurred on the same date, apparently before the same judge. On this basis, the Court finds that petitioner did not have the assistance of counsel during these December 20, 1973 proceedings, and petitioner did not waive the right to counsel.

The "fourth" conviction resulted from charges of simple assault and malicious damages. See Government's Response to Order to Show Cause, Affidavit of Jack Schneider, at 4, ¶ 11; Supplemental Traverse, Exh. E. The judgment order relating to these two charges show that counsel was not present during the proceeding. Supplemental Traverse, Exh. E. Further, in relation to these charges, there is no dispute that petitioner was indigent and there is no allegation, let alone a demonstration by the government, that petitioner waived his right to counsel. Thus, the Court finds that the "fourth" conviction arising from the proceeding in Secaucus Municipal Court on October 31, 1979, resulting in petitioner being fined $100.00 with $50.00 suspended, was conducted without counsel and without petitioner waiving his right to the assistance of counsel.

---

**1.** Two of these uncounseled convictions, on charges of disorderly person and simple assault, occurred on December 20, 1973, and were considered by the Parole Commission as a single conviction arising from the same offense behav-

ior. These were considered as petitioner's "third" conviction. The remaining uncounseled conviction on October 31, 1979 was considered as petitioner's "fourth" conviction.

It is undisputed that the offenses underlying petitioner's "third" and "fourth" convictions were misdemeanors for which petitioner received only fines and no periods of incarceration. It is further uncontested that if either the "third" or "fourth" conviction, or both of them, cannot be counted toward item A of the salient factor score, petitioner will have two or three prior convictions and will therefore be entitled to one additional point on his salient factor score.[2] *See* Government's Response to Order to Show Cause, Exh. B, at 2. This would result in a total salient factor score of 8, which when combined with the "high" offense severity rating, would produce the applicable guideline range of 14–20 months. Thus, if petitioner is correct that uncounseled misdemeanor convictions that did not result in incarceration are invalid for the purpose of enhancing imprisonment under the parole guidelines, when considered *as prior convictions* for salient factor score computation, petitioner must be afforded a new hearing by the Commission.

The Parole Commission established petitioner's salient factor score in accordance with its Rules and Procedures Manual. The applicable provision, section 2.20–07.-A.7, directs that convictions where the indigent defendant was both uncounseled and had not waived the right to counsel *and* where the offense was either a felony or a lesser offense for which incarceration resulted, are not to be counted in computing this score. It is agreed that the petitioner's "third" and "fourth" convictions were lesser offenses for which incarceration was not imposed, and thus, there is no basis for concluding that the Commission acted contrary to their rules when including these convictions in their score computation. Instead, petitioner's claim is that in following these guidelines and thereby including these convictions as prior convictions in

Item A, the Commission deprived petitioner of rights guaranteed to him under the constitution.

■ The Supreme Court has ruled that, even absent a waiver, an uncounseled indigent defendant's Sixth and Fourteenth Amendment rights to counsel are not violated when that defendant is tried for a non-felony offense for which the defendant is not actually incarcerated. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1161–62, 59 L.Ed.2d 383 (1979) (right to counsel requires only that "no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense"). Such convictions, even without counsel and a waiver of counsel, are, in and of themselves, valid convictions. *Id.; see Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). Petitioner argues that while his "third" and "fourth" convictions are valid under the rule announced in *Scott v. Illinois* to the extent that they did not result in incarceration, they are not valid for the purpose of enhancing imprisonment on his incarceration for a subsequent offense, and were so used when employed by the Parole Commission as prior convictions in computing petitioner's salient factor score. The basis of petitioner's position is the case of *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), where the court found it an unconstitutional practice to allow a misdemeanor conviction to be converted into a felony conviction with a prison term simply because of a prior misdemeanor conviction that was valid under *Scott v. Illinois* only because the indigent uncounseled defendant had not there been incarcerated.

Petitioner's argument is not without significant force. Although *Baldasar* is a *per curiam* opinion, with the five Justices who

---

**2.** Item A of the Salient Factor Score Computation Sheet relates to prior convictions and is as follows:

A. Prior Convictions/Adjudications (Adult or Juvenile)

| | |
|---|---|
| None | =3 |
| One | =2 |
| Two or three | =1 |
| Four or more | =0 |

Petitioner was considered as having four prior convictions and therefore received no points toward his salient factor score in Item A. *See* Government's Response to Order to Show Cause, Exh. B, page 2.

joined it separating into three concurring opinions, courts have nevertheless drawn from it the proposition that convictions *valid* under *Scott v. Illinois, precisely because no incarceration resulted,* are invalid when used subsequently to deprive that convicted defendant of his or her liberty. *See Schindler v. Clerk of Circuit Court,* 551 F.Supp. 561 (W.D.Wis.1982) (citing concurring opinion of Marshall, J.); *People v. Rocha,* 650 P.2d 569, 570 (Colo.1982); *Hollingsworth v. Alabama,* 410 So.2d 133, 134 (Crim.App.Ala.1981). *But see United States v. Robles-Sandoval,* 637 F.2d 692, 693 n. 1 (9th Cir.1981). Petitioner forcefully argues that the parole guidelines are very important considerations as to the actual time spent incarcerated, and that the decrease in his salient factor score due to including these uncounseled convictions as prior convictions, places petitioner in a higher guideline range, thus enhancing incarceration on his present federal sentence specifically because these prior convictions complied with *Scott v. Illinois.*

 It is important to note that a vital reason underlying the invalidity of convictions obtained without counsel is their inherent unreliability based on the resulting impeachment of the fact-finding process. *Baldasar v. Illinois,* 446 U.S. 222, 227–28, 100 S.Ct. 1585, 1587–88, 64 L.Ed.2d 169 (1980) (Marshall, J., concurring); *Lewis v. United States,* 445 U.S. 55, 67, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980); *Id.,* at 72, 100 S.Ct. at 924 (Brennan, J., dissenting); *Argersinger v. Hamlin,* 407 U.S..25, 31–36, 92 S.Ct. 2006, 2009–12, 32 L.Ed.2d 530 (1972); *Loper v. Beto,* 405 U.S. 473, 483–84,

92 S.Ct. 1014, 1019, 31 L.Ed.2d 374 (1972) (opinion of Stewart, J.); *Gilday v. Scafati,* 428 F.2d 1027, 1029 (1st Cir.1970). This unreliability continues to exist even in uncounseled non-felony convictions. *Argersinger v. Hamlin,* 407 U.S. 25, 34–37, 92 S.Ct. 2006, 2011–12, 32 L.Ed.2d 530 (1972). The decision by the Supreme Court in *Scott v. Illinois* that a conviction of an indigent uncounseled defendant who was not actually incarcerated is a valid conviction did not rest on the reliability of this type of conviction. Rather, the *Scott* decision that these convictions are valid relied upon the qualitative difference between actual incarceration as punishment and the imposition of criminal penalties that do not include incarceration. 440 U.S. 367, 373, 99 S.Ct. 1158, 1161, 59 L.Ed.2d 383 (1979). The question then is whether the Parole Commission can enhance petitioner's incarceration by counting these convictions *as prior convictions* in computing the salient factor score, even though these convictions possess some large degree of unreliability and were valid *solely* because incarceration did not result.[3]

The government argues that the Parole Commission is attempting to predict the parole risk that would attend the petitioner's release by considering these convictions as prior convictions. However, at the same time, the government asserts that the Commission is concerned with the fact of conviction rather than the "reliability" of these convictions in making this risk assessment. Citing *Lewis v. United States,* the government proposes that, consequently, the Commission should be able to consider these convictions, clouded by unrelia-

---

3. The Court notes that the government is correct that *Baldasar* and *Schindler v. Clerk of Circuit Court,* 551 F.Supp. 561 (W.D.Wis.1982), are distinguishable from the facts in this case in that in each case the convictions and sentence were predicated on an uncounseled conviction. This distinction is not, however, dispositive of this case. The question is whether these uncounseled convictions, when considered *as prior convictions* in the salient factor score computation, are being used by the Parole Commission to enhance the actual incarceration of petitioner on the unrelated subsequent sentence, and whether this use offends the constitution as did the practice in *Baldasar.*

Petitioner is seeking a very limited ruling in that he challenges only the Parole Commission's use of these uncounseled convictions *as prior convictions.* Petitioner acknowledges the Commission's right to consider "a wide range of information, including information based on hearsay and unproved allegations of criminal conduct" in making its parole decision Supplemental Traverse, at 6. Thus, petitioner does not seek to prevent the Commission from considering these incidents, as general considerations but only seeks to prevent their consideration *as prior convictions.*

bility, as prior convictions in reaching the salient factor score. It would seem that the convictions would have little or no relevance to predicting whether a person would be a good or bad parole risk if the assessor of that risk did not know that the conviction was reliable. Surely any *meaningful* correlation between a conviction, considered as a prior conviction, and parole risk must assume that the defendant was properly and reliably convicted, so that such a conviction is a trustworthy indicator of actual prior criminal activity by the defendant.[4] In any event, the Court now merely notes the seeming inapplicability of *Lewis v. United States* to this case. The *Lewis* court found that Congress intended that 18 U.S.C.App. § 1202(a)(1) define a criminal offense when a convicted felon is in possession of a firearm even when the underlying felony conviction is invalid due to a denial of the defendant's Sixth and Fourteenth Amendment rights to counsel. 445 U.S. 55, 65, 100 S.Ct. 915, 920, 63 L.Ed.2d 198 (1980). Thus, under *Lewis*, it is the *fact* of conviction on which Congress intended to base the possession offense, as long as that underlying conviction has not been vacated prior to possession of the firearm.[5] 445 U.S. 55, 60, 63–65, 100 S.Ct. 915, 918, 919–20, 63 L.Ed.2d 198 (1980). The same cannot be said for the Parole Commission's use of convictions as prior

convictions in calculating a salient factor score. The Rules and Procedures Manual specifically excludes from Item A of the Salient Factor Score convictions invalid under *Scott v. Illinois, see* section 2.20–07, thus clearly demonstrating the absence of an intent to rely on the *fact* of conviction, and buttressing the notion that the reliability of such conviction is a prime consideration of the Parole Commission when including prior convictions in computing an inmate's salient factor score.

Nevertheless, mindful of the admonition that Federal Courts should not decide constitutional questions unless absolutely necessary, and based on the present state of the record, the Court will not reach the constitutional question submitted on the use of *Scott v. Illinois* convictions, or the other due process issues raised by petitioner. Rather, this Court directs the Parole Commission, for the reasons set forth below, to give petitioner a new parole hearing within 30 days of this Ruling.

With regard to the "third" conviction, the Court is not convinced that upon a new hearing, these charges would be considered as a prior conviction for the purpose of computing the salient factor score. The Parole Commission's Rules and Procedures Manual was recently revised by Amend-

---

**4.** This trustworthiness, in the first instance, results from convictions being returned only upon a finding by a jury or the court that the government has carried its burden and has established all essential elements of the crime beyond a reasonable doubt, or by an admission by the defendant, in a plea of guilty, that the defendant in fact committed the offense. The trustworthiness of a conviction is diminished and the conviction itself is impugned, when it is arrived at where the defendant is without the assistance of counsel. And where the defendant is an indigent and has not waived the right to assistance of counsel, the defendant cannot be made to surrender the reliability of such a conviction and have that conviction enhance incarceration. *See Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam); *id.* at 226–29, 100 S.Ct. at 1587 (Marshall, J., concurring).

**5.** The *Lewis* Court held that the statute defined as an offense, possession of a firearm by a

convicted felon "until the conviction is vacated or the felon is relieved of his disability by some affirmative action." 445 U.S. 55, 60–61, 100 S.Ct. 915, 918, 63 L.Ed.2d 198. The Court rejected the notion that the statute was intended to include a convicted felon who had his or her underlying conviction reversed on appeal. *Id.* at 61 n. 5, 100 S.Ct. at 918 n. 5. Thus, the Court in *Lewis* noted that the convicted felon was not without a remedy in that he or she could appeal the underlying conviction directly raising the issue of denial of the right to counsel. *Id.* at 64, 100 S.Ct. at 920. The Court did not allow a collateral attack on the underlying felony conviction in raising a defense to the possession charge. *Id.* at 65, 67, 100 S.Ct. at 920–21. This Court notes that petitioner, who has a conviction *valid* under *Scott v. Illinois,* has no such similar opportunity to raise the issue of denial of the right to counsel on direct appeal, as this conviction is not subject to being vacated on this ground.

ment 83/3, a part of which may alter this case. Section 2.20–07.A.2, formerly entitled *Minor Offenses* and listing misdemeanors that should not be counted as prior convictions in computing the salient factor score, has been deleted by this amendment. In its place, the Parole Commission has substituted the following:

"A.2 *Convictions*

(a) Felony convictions are counted. Non-felony convictions are counted, except as listed under (b) and (c). Convictions for driving while intoxicated/while under the influence/while impaired are counted. Where it is established by the preponderance of evidence that the underlying offense behavior was more serious than the offense of conviction. Assess the conviction using the criteria applicable to the underlying offense behavior.

(b) Convictions for the following offenses are counted only if the sentence resulting was a commitment of more than thirty days (as defined in item B) or probation of one year or more (as defined in Item E), or if the record indicates that the offense was classified by the jurisdiction as a felony (regardless of sentence):

1. contempt of court;
2. disorderly conduct/disorderly person/breach of the peace/disturbing the peace;
3. driving without a licence (sic)/with a revoked or suspended license/with a false license;
4. false information to a police officer;
5. fish and game violations;
6. gambling;
7. loitering;
8. non-support;
9. prostitution;
10. resisting arrest;
11. trespassing.

(c) Convictions for certain minor offenses are not counted, regardless of sentence. These include:

1. hitchhiking;
2. local regulatory violations;
3. public intoxication/possession of alcohol by a minor/possession of alcohol in an open container;
4. traffic violations (except as specifically listed);
5. vagrancy."

Applying the new *Convictions* section to the petitioner's "third" conviction, it is clear that under A.2(b)2 the Commission would not count petitioner's disorderly person charge as a prior conviction.

■ With regard to the simple assault charge, the situation is a little different, but the Court feels that the Commission should have a chance to decide whether this is to be counted as a prior conviction for purposes of the salient factor score in light of this new amendment to the procedure manual. Specifically, the Court notes that the Commission has the discretion to analogize when considering situations not explicitly covered by the Procedural Manual to those that are covered when implementing the guideline structure. *See Shahid v. Crawford*, 599 F.2d 666, 671 (5th Cir.1979) (offense severity determined when offense not specifically listed in offense severity table); *Wilkes v. U.S.*, Civil No. B–82–164, Slip Opinion at 1–2 (D.Conn. January 5, 1983) (same); *Lieberman v. Gunnell*, Civil No. B–82–657, Slip Opinion at 4 (D.Conn. June 27, 1983) (same); *cf. McCown v. Gunnell*, Civil No. B–82–600, Slip Opinion at 9–14 (D.Conn. May 3, 1983) (Commission could consider entire offense behavior in establishing offense severity); *Payton v. Thomas*, 486 F.Supp. 64, 68 (S.D. N.Y.1980) (same). While this offense is not explicitly covered in the new section A.2(b)2, the Court notes the description of the offense in the original complaint as demonstrating the minor character of the offense. The charging police officer complained that petitioner, while in custody, "when asked to give his Brown Leather Jacket to Complainant ... flung it with force, hitting Complainant in the face." The Court believes it possible that the Commission, when reviewing this offense in light of the new Convictions Amendment, may deem it analogous to or of the severity of "resisting arrest," *see* Amendment 83/3, Section 2.20–07.A.2(b)10, an offense now not to be considered in the salient factor score computation which was not previously listed in the minor offense category. This may be true particularly in view of the fact that the recordings of the court proceedings on this issue have been erased, *see* Supplemental Traverse, at 2 & Exh. C, the description of the offense is fairly benign, and petitioner was without counsel. If the Parole Commission was to decide that this conviction should not be included

as a prior conviction, the Court would then not need to reach the constitutional issues. Based on this possibility, the Court hereby orders that the Parole Commission conduct a new hearing on petitioner's case, addressing the salient factor score in light of the 83/3 Amendment.

█ There is a second, and possibly more compelling reason why the Court feels that it is appropriate to direct the Commission to conduct a new parole hearing in this case. The petitioner's "fourth" conviction resulted from the proceeding in Secaucus Municipal Court in New Jersey on October 31, 1979. *See* Supplemental Traverse, Exh. E. Virtually all of the government's papers state that at this proceeding, petitioner pleaded guilty to simple assault while the malicious damage charge was dismissed. *See* Government's Response to Order to Show Cause, at 3 (discussing petitioner's "1979 simple assault conviction"); Affidavit of Jack Schneider, attached thereto, at 4, ¶ 11 (on October 31, 1979 petitioner "pleaded guilty to the [simple] assault and was fined $250.00") (apparently relying on the presentence report); Government's Response to Supplemental Traverse, at 1 ("in 1979, when [petitioner] was convicted of simple assault"). The petitioner, unrepresented at this 1979 proceeding, also asserts in his papers that he was convicted there on the charge of simple assault. *See* Petition for Writ of Habeas Corpus, at 7 (pages unnumbered) & Exh. D, at 4 (page unnumbered); Supplemental Traverse, at 2 (discussing uncounseled "1979 simple assault conviction"). The Court has good reason to believe that all parties are in error, and that petitioner's October 31, 1979 conviction was for malicious damage and not for simple assault.

The judgment order from the Secaucus Municipal Court lists the two charges and their dispositions. The order clearly lists a plea of guilty to the charge of malicious damage, not to the charge of simple assault. *See* Supplemental Traverse, Exh. E. Further, the order shows a fine of $100 levied against the petitioner, with $50 of that fine suspended, *id.*, rather than the

fine of $250 that the government asserts was levied against petitioner. *See e.g.* Affidavit of Jack Schneider, at 4, ¶ 11. Moreover, the judgment order clearly shows the simple assault charge listed as dismissed by the court. *See* Supplemental Traverse, Exh. E. The accuracy of the judgment order in regard to the above is corroborated by the transcript of the October 31, 1979 proceeding, which petitioner offered at the May 20, 1983 hearing in this Court, and to which the government did not object (marked as Pltf's. Ex. # 1 for identification). Thus, it appears that all parties, including the Parole Commission, have been proceeding in this matter based on the erroneous belief that on October 31, 1979 the petitioner was convicted of simple assault and the malicious damage charge was dismissed, while the reverse is in fact correct.

As with the petitioner's "third" conviction, the Court believes that the Parole Commission should have the opportunity to review the October 31, 1979 proceedings, and determine whether there is a prior conviction, within the meaning of § 2.20–07 A.2(b), for the purpose of computing the salient factor score. Although not explicitly covered in the 83/3 Amendment to the Rules and Procedure Manual, a malicious damage charge may be deemed by the Parole Commission to be analogous to the listed offense of disorderly conduct/disorderly person/breach of the peace/disturbing the peace, *see* Amendment 83/3, Section 2.20–07 A.2, or to the listed offense of resisting arrest, *id.* A.2.(b)(10). This may be the case considering the truly minor nature of the offense. Revealing the character of the offense, the judgment order describes the offense behavior as "kick and damage the water cooler at Police [Headquarters]." In any event, the Court feels that the initial determination as to whether this offense, *not previously considered* by the Parole Commission, should be counted as a prior conviction for salient factor score purposes, must be made by the Parole Commission. This belief is supported by the fact that if the Commission decides that this offense should not be counted, petition-

er will have a salient factor score of 8 to be considered with the offense severity rating of "high" in a new parole hearing, which is the thrust of the relief that petitioner seeks, thus eliminating the necessity of this Court deciding the constitutional questions.

The Court cannot help but note that in this case where petitioner is claiming the unreliability of uncounseled convictions, all parties, including the petitioner, are mistaken as to what offense petitioner pleaded guilty on October 31, 1979. It is a telling commentary indeed, in the face of the government's position that the October 31, 1979 conviction should be includable as a prior conviction in computing petitioner's salient factor score, that the petitioner, uncounseled at the 1979 proceeding, did not know to what offense he had there pleaded, and was thus unable to bring the true state of events to the attention of the government.

Based on the above, the Parole Commission is ordered to conduct a new parole hearing on petitioner's case, addressing the issues noted herein, within 30 days of this date. Petitioner has been incarcerated for approximately 18 months, and if petitioner is correct on the constitutional issues raised herein, or if the "third" or "fourth" conviction, or either of them, are not counted as (a) prior conviction(s), petitioner is entitled to a hearing based on a guideline range of 14–20 months. This consideration dictates the immediacy of the new hearing. The Court will retain jurisdiction in this matter, and petitioner shall be permitted to apply to this Court for relief, if he feels it necessary to do so, from the result of the new hearing, without further exhaustion of administrative remedies.

It is SO ORDERED.