Opinion by Judge PAEZ; Concurrence by Judge WATFORD.
OPINION
PAEZ, Circuit Judge:
Michael Bryant, Jr., an Indian, was indicted on two counts of domestic assault by *673 a habitual offender, in violation of 18 U.S.C. § 117(a).[1] In support of the charges, the government relied on two pri- or tribal court convictions for domestic abuse. These convictions were uncoun-seled and at least one resulted in a term of imprisonment. The Sixth Amendment guarantees indigent defendants in state and federal criminal proceedings appointed counsel in any case where a term of imprisonment is imposed. Scott v. Illinois, 440 U.S. 367, 369, 373-74, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). But the Sixth Amendment' does not apply to tribal court proceedings. United States v. First, 731 F.3d 998, 1002 (9th Cir.2013), cert. denied, — U.S. -, 135 S.Ct. 50, 190 L.Ed.2d 54 (2014). In this case, we must decide whether, in a prosecution under § 117(a), the government may use prior tribal court convictions that, although not obtained in violation of the Constitution, do not comport with the Sixth Amendment right to counsel to prove an element of the offense. We hold that United States v. Ant, 882 F.2d 1389, 1395 (9th Cir.1989), prohibits the use of such convictions in a § 117(a) prosecution. We therefore reverse the district court’s denial of Bryant’s motion to dismiss the indictment.
I. BACKGROUND
In June 2011, Michael Bryant, Jr. was indicted on two counts of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117(a). Section 117(a) criminalizes the commission of “domestic assault within ... Indian country” by any person “who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction[,] ... assault ... against a spouse or intimate partner.” Count I charged that in February 2011, Bryant assaulted C.L.O., his previous girlfriend, “after having been convicted of at least two separate prior domestic assaults.” Count II charged that in May 2011, Bryant assaulted his new live-in girlfriend, D.E., “after having been convicted of at least two separate prior domestic assaults.”[2] The prior domestic assaults the government relied upon were domestic abuse convictions obtained in the Northern Cheyenne Tribal Court.
Bryant filed a motion to dismiss the indictment. He argued that using his tribal court convictions to satisfy an element of § 117(a) violates his Fifth and Sixth Amendment rights because (1) he was not appointed counsel during his tribal court proceedings and (2) only Indians may be prosecuted under § 117(a) on the basis of a prior conviction that does not comport with the Sixth Amendment. The government did not contest Bryant’s representation that he lacked the assistance of counsel during his prior tribal court proceedings and that his convictions would have violated the Sixth Amendment had they been obtained in state or federal court. The district court denied the motion in a brief oral ruling. Bryant then entered a guilty plea pursuant to a conditional plea agreement that preserved his right to appeal the district court’s ruling on the motion to dismiss. The district court sentenced Bryant to forty-six *674 months’ imprisonment on each count, to run concurrently.
II. JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction to review a final judgment of the district court pursuant to 28 U.S.C. § 1291. We review de novo a district court’s denial of a motion to dismiss an indictment on constitutional grounds. United States v. Chovan, 735 F.3d 1127, 1131 (9th Cir.2013); United States v. McCalla, 545 F.3d 750, 753 (9th Cir.2008).
III. DISCUSSION
Bryant argues that using his prior tribal court convictions as the predicate offenses in a § 117(a) prosecution violates the Sixth Amendment right to counsel and the Fifth Amendment guarantee of due process because these convictions were obtained through procedures that, if utilized in state or federal court, would violate the Sixth Amendment. As an initial matter, the government argues that Bryant failed to make an evidentiary showing that his tribal court convictions were uncounseled. The government also argues that tribal court proceedings are not governed by the Sixth Amendment and convictions that were not obtained in actual violation of the Constitution may be used in subsequent prosecutions.[3]
We may easily dispose of the government’s first argument. In district court, Bryant repeatedly represented that he lacked counsel during the relevant tribal court proceedings. Yet, the government never objected that Bryant had not met his evidentiary burden on this point, even when Bryant characterized the issue as “undisputed.” Accordingly, the issue is waived, United States v. Carlson, 900 F.2d 1346, 1349-50 (9th Cir.1990), and we assume that Bryant did not have the benefit of counsel during his prior tribal court domestic abuse proceedings.[4]
The merits of this case pose a more difficult question. The United States Constitution guarantees criminal defendants the right to assistance of counsel for their defense. U.S. Const. amend. VI; see also Gideon v. Wainwright, 372 U.S. 335, 342-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to appointed counsel for indigent criminal defendants is a “logical corollary” of this guarantee. Powell v. Alabama, 287 U.S. 45, 72, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
In a line of cases beginning with Powell, the Supreme Court has set forth when the right to appointed counsel is triggered. See id. at 68-69, 71-72, 53 S.Ct. 55 (holding that the Fourteenth Amendment provides capital defendants with a right to appointed counsel because the due process right to be heard encompasses a right to be heard by counsel). In Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 *675 L.Ed. 1461 (1938), the Court recognized that the Sixth Amendment guarantees indigent criminal defendants the right to appointed counsel in federal proceedings. The Court subsequently held that the Sixth Amendment right to appointed counsel applies to the states as well through the Fourteenth Amendment. Gideon, 372 U.S. at 342-45, 83 S.Ct. 792.
Johnson and Gideon involved felony prosecutions, but the Court later clarified that the right to appointed counsel for indigent defendants attaches in all criminal cases “where loss of liberty is ... involved,” regardless of how a crime is classified. Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In Scott, the Court further refined the right, holding that indigent defendants are entitled to appointed counsel only in those cases where a term of imprisonment is actually imposed, and not in every case where a term of imprisonment could be imposed. 440 U.S. at 369, 373-74, 99 S.Ct. 1158. Finally, in Alabama v. Shelton, 535 U.S. 654, 658, 662, 674, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002), the Court concluded that imposition of a suspended sentence constitutes a term of imprisonment that triggers the Sixth Amendment right to appointed counsel.
However, the Sixth Amendment right to appointed counsel does not apply in tribal court proceedings, First, 731 F.3d at 1002; United States v. Percy, 250 F.3d 720, 725 (9th Cir.2001); Tom v. Sutton, 533 F.2d 1101, 1102-03 (9th Cir.1976), because the Constitution is generally inapplicable to tribal courts, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 56, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); Talton v. Mayes, 163 U.S. 376, 382-83, 16 S.Ct. 986, 41 L.Ed. 196 (1896).[5] Consequently, Bryant’s prior uncounseled tribal court convictions that resulted in terms of imprisonment are not unconstitutional, and Bryant does not contend otherwise. Rather, Bryant argues that, because his convictions would have been unconstitutional had they been obtained in state or federal court, they may not be used to prove his guilt in a § 117(a) prosecution.
We agree that Bryant’s prior tribal court domestic abuse convictions would have violated the Sixth Amendment had they been obtained in state or federal court. Under Argersinger and Scott, indigent criminal defendants have a right to appointed counsel in any state or federal case where a term of imprisonment is imposed. Scott, 440 U.S. at 369, 373-74, 99 S.Ct. 1158; Argersinger, 407 U.S. at 37, 92 S.Ct. 2006. We must examine another line of cases, however, to determine whether convictions arising from proceedings that neither violate the Sixth Amendment nor provide an equivalent right to counsel may be used to prove an element of the offense in a later federal prosecution.
In a series of cases following Gideon, the Supreme Court addressed whether pri- *676 or convictions obtained in violation of the Sixth Amendment right to counsel may be used in subsequent proceedings. In the first few such cases, the Court consistently held that uncounseled convictions obtained in violation of Gideon could not be used in subsequent proceedings to (1) prove the prior felony conviction element of a recidivist statute, Burgett v. Texas, 389 U.S. 109, 111, 114-16, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), (2) impose a higher sentence based on a prior conviction, United States v. Tucker, 404 U.S. 443, 447, 449, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), or (3) impeach a defendant’s credibility, Loper v. Beto, 405 U.S. 473, 476, 482-83, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (plurality opinion).
In Lewis v. United States, 445 U.S. 55, 66-67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the Court held, for the first time, that a prior conviction that violated the Sixth Amendment could be used in a subsequent prosecution. In Lewis, the defendant was convicted under a predecessor felon-in-possession-of-a-firearm statute. Id. at 57-58, 100 S.Ct. 915. He challenged the government’s use of a prior conviction obtained in violation of Gideon to prove he was a felon. Id. The Court acknowledged Burgett, Tucker, and Loper, but did not read those cases to stand for the proposition that “an uncounseled conviction is invalid for all purposes.” Id. at 66-67, 100 S.Ct. 915. It concluded that Lewis’s prior uncounseled conviction could be used in a subsequent prosecution because the conviction was providing a basis for imposing only a firearms prohibition — an “essentially civil disability,” albeit one that was “enforceable by a criminal sanction.” Id. at 67, 100 S.Ct. 915.
Not long after Lewis, the Court considered whether an uncounseled conviction that did not result in imprisonment — and therefore did not run afoul of the Sixth Amendment — could be used in a subsequent prosecution under a recidivist statute. See Baldasar v. Illinois, 446 U.S. 222, 223-24, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), overruled by Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In a splintered decision, five justices, in three separate opinions, ruled that it could not. Lower courts struggled to interpret and apply Baldosar, see Nichols, 511 U.S. at 745, 114 S.Ct. 1921, and, ultimately, the Court revisited a similar question in Nichols. In Nichols, the defendant pled guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Id. at 740, 114 S.Ct. 1921. When calculating Nichols’s criminal history points during sentencing, the district court considered a prior uncounseled state court conviction for which Nichols received a fine but was not incarcerated. Id. The Court held that an uncounseled prior conviction valid under Scott — as Nichols’s was — “may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment.” Id. at 746-47, 114 S.Ct. 1921.
The Supreme Court has never addressed whether a conviction obtained in a forum not governed by the Constitution under procedures that do not comport with the Sixth Amendment right to counsel may be used in a subsequent prosecution. Our court, however, has twice addressed this issue. In Ant, we considered whether an uncounseled tribal court guilty plea to charges of assault and battery, which resulted in a six-month term of imprisonment, could be introduced as evidence of guilt in a subsequent federal prosecution for manslaughter arising out of the same incident. 882 F.2d at 1390-91. We held that it could not, reasoning that “if Ant’s earlier guilty plea had been made in a court other than in a tribal court, it would not be admissible in the subsequent federal prosecution absent a knowing and intel *677 ligent waiver” of his right to counsel. Id. at 1394. This fact rendered the plea “constitutionally infirm” and inadmissible in a later federal prosecution. Id. at 1395.
More recently, in First, we considered whether a prior uncounseled tribal court conviction that resulted in a term of imprisonment could be used as the predicate offense in a prosecution under 18 U.S.C. § 922(g)(9). 731 F.3d at 1000-01, 1003. Section 922(g)(9) makes it unlawful for a person convicted of a misdemeanor domestic violence offense to possess a firearm. Noting the similarity between § 922(g)(9) and the statute in Lewis, we concluded that “it is of no moment that First’s misdemeanor conviction was obtained without complying with the Sixth Amendment,” because the government sought to use the conviction only to enforce a civil firearms disability. Id. at 1008-09. In so holding, we discussed Ant, stating as follows:
We do not question Ant’s continued vitality. Ant stands for the general proposition that even when tribal court proceedings comply with ICRA and tribal law, if the denial of counsel in that proceeding violates federal constitutional law, the resulting conviction may not be used to support a subsequent federal prosecution. Lewis, however, demonstrates that the federal firearms statute is an exception from this general rule.
Id. at 1008 n. 9 (internal citations omitted).
We agree that, as a general rule, Ant holds that a conviction obtained in a tribal court that did not afford a right to counsel equivalent to the Sixth Amendment right may not be used in a subsequent federal prosecution. Accordingly, we hold that, subject to the narrow exception recognized in Lewis and First for statutes that serve merely as enforcement mechanisms for civil disabilities, tribal court convictions may be used in subsequent prosecutions only if the tribal court guarantees a right to counsel that is, at minimum, coextensive with the Sixth Amendment right. Section 117(a) is an ordinary recidivist statute and not a criminal enforcement scheme for a civil disability. Accordingly, the general rule announced in Ant applies. Because Bryant’s tribal court domestic abuse convictions would have violated the Sixth Amendment right to counsel had they been obtained in federal or state' court, using them to establish an element of the offense in a subsequent § 117(a) prosecution is constitutionally impermissible. See Ant, 882 F.2d at 1394-95.
We reject the government’s arguments to the contrary. The government contends this case is controlled by Nichols, not Ant. But Nichols involved a prior conviction that did comport with the Sixth Amendment, 511 U.S. at 740, 746-47, 114 S.Ct. 1921, whereas this case involves prior convictions obtained under procedures that, if utilized in state or federal court, would have violated the Sixth Amendment. Ant is the relevant authority.
The government also argues that Ant is no longer good law because it relied on Baldasar, which Nichols overruled. Ant cited Baldasar only once, and for the general proposition that an uncounseled conviction could not be used to prove an element of a recidivist statute. Ant, 882 F.2d at 1394. Nichols did overrule Baldasar’s holding that an uncounseled conviction valid under Scott could not be used in a subsequent prosecution. Nichols, 511 U.S. at 746-47, 114 S.Ct. 1921. But even after Nichols, uncounseled convictions that resulted in imprisonment generally could not be used in subsequent prosecutions. See id. But see Lewis, 445 U.S. at 66-67, 100 S.Ct. 915. Because Ant involved the latter scenario, see 882 F.2d at 1390-91, it remains good law notwithstanding its citation to Baldasar.
*678 Moreover, for us to overrule our own precedent, a Supreme Court decision “must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.” Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc); see also Gonzales v. Dep’t of Homeland Sec., 508 F.3d 1227, 1235 (9th Cir.2007) (explaining that where a Supreme Court case did not actually address the issue raised in a prior Ninth Circuit case, a three judge panel remained bound by circuit precedent notwithstanding the implications of the subsequent Supreme Court case). •Nichols and Ant are easily reconcilable because Nichols involved an uncounseled conviction valid under the Sixth Amendment, whereas Ant involved prior tribal court proceedings that, in state or federal court, would not have been valid under the Sixth Amendment. Accordingly, we read Nichols and Ant to stand for the proposition that, subject to the limited exception, recognized in Lewis and First, the Sixth Amendment permits using a prior conviction in a later prosecution only if, in the prior proceeding, the defendant was afforded, at a minimum, the same right to counsel as guaranteed by the Sixth Amendment. Nothing in Nichols mandates adopting the government’s position that, as long as the conviction does not violate the Constitution, it may be used in a later prosecution.
We recognize that our holding places us in conflict with two other circuits. See United States v. Shavanaux, 647 F.3d 993 (10th Cir.2011); United States v. Cavanaugh, 643 F.3d 592 (8th Cir.2011). Shavanaux and Cavanaugh held that a prior uncounseled tribal court conviction could be used as a predicate offense for a § 117(a) prosecution. Shavanaux, 647 F.3d at 997; Cavanaugh, 643 F.3d at 603-04. The Shavanaux court reasoned that, because the Sixth Amendment does not apply in tribal court, using a tribal court conviction in a subsequent prosecution cannot violate the Sixth Amendment. 647 F.3d at 996-98. The Cavanaugh court read Nichols as establishing a bright-line rule that so long as a conviction did not violate the Constitution, it could be used in a subsequent proceeding. 643 F.3d at 603-04. Shavanaux and Cavanaugh cannot be reconciled with Ant, and we are bound by Ant.[6]
*679 As we did in First, we reiterate Ant’s continued vitality. See 731 F.3d at 1008 n. 9. Under Ant, the government may not rely on tribal court convictions as predicate offenses in § 117(a) prosecutions unless the tribal court afforded the same right to counsel as guaranteed by the Sixth Amendment in federal and state prosecutions. See 882 F.2d at 1394-95. Bryant’s relevant tribal court convictions do not meet this standard. Consequently, the charges against him must be dismissed.[7]
IV. CONCLUSION
We hold that the § 117(a) charges against Bryant must be dismissed because at least one of his predicate tribal court domestic abuse convictions was uncoun-seled and resulted in a term of imprisonment.
REVERSED.

. Although we are mindful that the term “Native American” or "American Indian” may be preferable, we use the term “Indian” throughout this opinion because that is the term used throughout the United States Code. We also use the term "tribal,” as that is the term used in 18 U.S.C. § 117(a).

. The February 2011 and May 2011 assaults both occurred at Bryant's residence, which ' was located within the Northern Cheyenne Indian Reservation.

. In its supplemental brief addressing the impact of First on this case, the government argued that it could rely on Bryant’s tribal court convictions for another reason: at least two of his tribal court domestic abuse convictions did not result in a term of imprisonment, and therefore, did comport with the Sixth Amendment. The government has since conceded that Bryant does not have two prior tribal court domestic abuse convictions that did not result in a sentence of incarceration.

. Moreover, there is no serious doubt that Bryant was not appointed counsel during his tribal court domestic abuse proceedings. The Law and Order Code of the Northern Cheyenne Tribe, Tide 5, Chapter III, Rule 22 provides that a defendant in a criminal case has the right to “defend himself ... by ... [an] attorney at his own expense.” The Tribe does not guarantee a right to appointed counsel in any case.

. In fact, both the Eighth Circuit and the Tenth Circuit recognized that their holdings were at odds with Ant. Shavanaux, 647 F.3d at 997-98; Cavanaugh, 643 F.3d at 604-05.
The Shavanaux court rejected Ant as wrongly decided. 647 F.3d at 997-98. It disagreed with Ant’s “threshold determination that an uncounseled tribal conviction is constitutionally infirm,” believing that this determination was a consequence of having "overlook[ed]” the Taitón line of cases establishing that tribal courts are not governed by the Constitution. Id. But Ant did not overlook this case law. Although Ant did not cite Talton, it recognized repeatedly that tribal court proceedings are limited only by the ICRA and tribal law. See 882 F.2d at 1391-92, 1395. In describing Ant’s guilty plea as “constitutionally infirm,” the Ant court used a convenient shorthand term to refer to the fact that Ant’s guilty plea, although not obtained in violation of the Constitution, was obtained through procedures that, had they been employed in state or federal court, would have been unconstitutional. Read in context, the term does not suggest that Ant’s holding is based on the faulty premise that the Constitution applies to tribal court proceedings.
The Cavanaugh court distinguished Ant, because in Ant, the subsequent federal proceeding arose out of the same incident as the tribal court proceeding and the government sought to use a guilty plea that did not comport with the Sixth Amendment to prove, not merely the fact of a prior conviction, but the truth of the matter asserted in the plea. See 643 F.3d at 604-05. This is a distinction without a difference. As the Cavanaugh dissent explained, the key factor in both Ant and Cavanaugh was the government’s reliance on prior tribal court proceedings, that, if gov *679 erned by the Constitution, would have violated the Sixth Amendment right to counsel to prove an element of the offense. Id. at 607 (Bye, J., dissenting).

. Bryant also argues that using his tribal court convictions as predicate offenses is a violation of the Fifth Amendment’s guarantee of equal protection because only Indians are subject to prosecution based on prior convictions that do not comport with the Sixth Amendment right to counsel. Given the result we reach, we need not address Bryant’s equal protection argument.