O’SCANNLAIN, Circuit Judge,
joined by GOULD, TALLMAN, BYBEE, CALLAHAN, BEA, M. SMITH, and OWENS, Circuit Judges, dissenting from the denial of rehearing en banc:
Judge Owens passionately reveals this opinion’s pernicious impact on domestic violence victims, and I share his concern. I also write to explain why the legal errors that corrupt this opinion, and its predecessor United States v. Ant, 882 F.2d 1389 (9th Cir.1989), should have been corrected by our court sitting en banc.
Following Ant, the court decides that indisputably valid tribal court proceedings are “constitutionally infirm” because they do not afford the right to appointed counsel required by the Sixth Amendment. United States v. Bryant, 769 F.3d 671, 677 (9th Cir.2014) (citing Ant, 882 F.2d at 1394-95). A sensible result, perhaps, were it not for the fact that the Indian Civil Rights Act (“ICRA”) — not the Sixth Amendment — governs tribal court proceedings. The court grudgingly acknowledges this fact. Id. at 675. Yet — undeterred in its quest to punish the tribal court for complying with the procedures that govern it — the court concludes that convictions procured in that venue are so defective that the federal government is barred from even proving the mere existence of such convictions in a later prosecution.
Such a decision cries out for review— indeed, with the concurral,[1] every member of the panel has acknowledged that this case requires the Supreme Court’s attention.[2] It contravenes the Supreme Court’s decision in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), stands in direct conflict with the only two other circuit courts to consider the issue presented, and, ultimately, holds tribal courts in contempt for having the audacity to follow the law as it is, rather than the law as we think it should be.
I
To summarize briefly the necessary facts: Bryant, a Native American, was convicted of domestic assault in several uncounseled tribal court proceedings. Bryant, 769 F.3d at 673. Because the Sixth Amendment right to counsel does not apply to tribal courts, the resulting convictions under tribal law were indisputably valid. Id. at 675.
Later, after Bryant again assaulted two women in 2011, the federal government sought to prosecute Bryant for these new assaults under 18 U.S.C. § 117, which criminalizes “domestic assault by an habitual offender.” Under section 117, the prosecution not only had to prove Bryant had “committed] a domestic assault” in 2011, but also that he had been convicted *1047 of domestic assault “on at least 2 separate prior occasions in Federal, State, or Indian tribal court.” 18 U.S.C § 117. To satisfy this recidivism element, the government sought to rely on Bryant’s prior tribal court convictions. Bryant, 769 F.3d at 673-74.
Bryant conceded such convictions were valid and obtained in compliance with the ICRA, but argued that they could not be used to satisfy an element of section 117 because they would have violated the Sixth Amendment if they had been obtained in state or federal court. Id. at 674-75. The district court rejected Bryant’s argument, and he appealed. Id. at 673-74.
A
Our Court was not the first to consider the use of an uncounseled tribal court conviction in a section 117 prosecution. Exactly the same question was posed to the Eighth and Tenth Circuits, and they concluded that using the prior convictions posed no constitutional difficulty. See United States v. Shavanaux, 647 F.3d 993 (10th Cir.2011); United States v. Cavanaugh, 643 F.3d 592 (8th Cir.2011).
Yet the court flatly disagreed with our sister circuits, and held that the government could not rely on tribal court convictions unless they afforded the same right to counsel required by the Sixth Amendment — notwithstanding the inapplicability of the Sixth Amendment to tribal courts. Bryant, 769 F.3d at 679.
Why did the court toss aside the reasoning of our sister circuits and turn up its nose at completely valid tribal court proceedings? Because of Ant. In that case we derided a tribal court guilty plea as “constitutionally infirm” because it merely “was made in compliance with tribal law and with the ICRA,” rather than the Sixth Amendment. Ant, 882 F.2d at 1395. We considered it but a trifle that the Sixth Amendment does not in fact apply to tribal proceedings — because the uncounseled plea would have been invalid in our Court, we ordered it be suppressed. Id. at 1396.
B
Relying on Ant, the court here held that “the government may not rely on tribal court convictions as predicate offenses in § 117(a) prosecutions unless the tribal court afforded the same right to counsel as guaranteed by the Sixth Amendment in federal and state prosecutions.” U.S. v. Bryant, 769 F.3d 671, 679 (9th Cir.2014) (citing Ant, 882 F.2d at 1394-95). As in Ant, it was apparently of little consequence to the court that imposing the Sixth Amendment’s requirements on tribal courts conflicts with the procedures Congress laid out in the ICRA.
The court reinforces and repeats Ant’s error in trampling on tribal court proceedings and in disregarding the ICRA. But that is not all. Its error in applying Ant is magnified by the fact that Nichols — which post-dated Ant — stripped Ant of any legitimacy and exposed it as a naked assault on tribal courts and the ICRA.
II
At the time of Ant, we tried to conceal our contempt for tribal courts in the tangled thicket of Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), in which a hopelessly fractured[3] Court held that a valid but uncounseled state misdemeanor conviction *1048 could not be used in a subsequent federal prosecution. See Ant, 882 F.2d at 1394 (relying on Baldasar for the proposition “that if Ant’s earlier guilty plea had been made in a court other than in a tribal court, it would not be admissible in the subsequent federal prosecution”). Balda-sar appeared to provide us with some cover — if state court proceedings that were valid but uncounseled could not be used in subsequent federal proceedings, then perhaps valid but uncounseled tribal court proceedings could not be so used either.
Fortunately, Nichols cleared out the underbrush of Baldasar and overruled it. Adopting the reasoning of the Baldasar dissenters, Nichols held that “an uncoun-seled conviction valid under Scott [v. Illinois ][4] may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment.” Nichols, 511 U.S. at 746-47, 114 S.Ct. 1921.
A
Unfortunately, at least for our Court, Nichols’s overruling of Baldasar exposes our decision in Ant — and now this opinion — as based on nothing more than a persistent distrust for tribal courts and a failure to accept that the Sixth Amendment does not apply to tribal proceedings. Viewing Ant in light of Nichols, one is immediately faced with a puzzling conundrum: If an uncounseled but valid state court conviction can support a later federal prosecution under a recidivist statute, then why is it that an uncounseled but valid tribal court conviction cannot do the same?
B
The court struggles to explain this anomaly without success.
Its arguments are but slightly rephrased repetitions of a common theme: that “Nichols involved a prior conviction that did comport with the Sixth Amendment, whereas this case involves prior convictions obtained under procedures that, if utilized in state or federal court, would have violated the Sixth Amendment.” Bryant, 769 F.3d at 677 (internal citations omitted).
Yet the court’s argument is illogical. Both Nichols’s and Bryant’s uncounseled convictions “comport” with the Sixth Amendment, and for the same reason: the Sixth Amendment right to appointed counsel did not apply to either conviction.
C
Further, the fact that the prior tribal court proceedings “would have violated the Sixth Amendment” if they were “in state or federal court” is irrelevant — using a federal recidivist statute to prosecute Bryant does not transform his prior, valid, tribal court convictions into new, invalid, federal ones. Bryant, 769 F.3d at 678.[5]
*1049 Of course, Bryant could not be punished for recidivism if his prior convictions actually contravened the Sixth Amendment, because he then would “in effect suffer[ ] anew from the deprivation of that Sixth Amendment right.” Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). But here there is no Sixth Amendment violation for Bryant to “suffer anew.” See Bryant, 769 F.3d at 679 (Watford, J., concurring) (citing United States v. Shavanaux, 647 F.3d 993, 998 (10th Cir.2011)).
Just like Nichols — whose state proceedings were valid but uncounseled, and certainly did not “afford” him the right to appointed counsel guaranteed by the Sixth Amendment — Bryant has never suffered through any constitutionally deficient proceeding, and thus, just like Nichols, his uncounseled but valid convictions can be used to satisfy a federal statute’s recidivism element.
Ill
It seems that this should have been an easy case. After Nichols, an uncounseled but valid conviction can be used in a subsequent prosecution under a recidivist statute. Bryant’s uncounseled tribal convictions are valid, and the government is seeking to use them in a subsequent prosecution under a recidivist statute.
Why then, does the court refuse to allow the government to rely on the tribal court convictions?
A
There can only be one answer — the court is uncomfortable with tribal court procedures and the ICRA.
If, as Nichols holds, uncounseled convictions in general are not unreliable, then Ant’s outcome — and this opinion’s — must rest on an assumption that tribal court convictions are inherently unreliable. Such an assumption runs directly counter to the Supreme Court’s command to respect Indian tribes as “distinct, independent political communities,” Worcester v. State of Georgia, 31 U.S. 515, 559, 6 Pet. 515, 8 L.Ed. 483 (1832), whose judicial systems must be assessed based on their compliance with the ICRA, not the federal constitution. See Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 337, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008) (explaining that it is beyond dispute that the “Bill of Rights does not apply to Indian tribes”).
B
By concluding that tribal court decisions are inherently suspect even when they comply with the ICRA, Ant and this opinion trample upon the principles of comity and respect that undergird federal court recognition of tribal court judgments. See Wilson v. Marchington, 127 F.3d 805, 810 (9th Cir.1997); see also Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) (extending comity to tribal courts).
As Wilson observed:
Comity does not require that a tribe utilize judicial procedures identical to those used in the United States Courts. Foreign-law notions are not per se disharmonious with due process by reason of their divergence from the common-law notions of procedure.... Federal courts must also be careful to respect tribal jurisprudence along with the special customs and practical limitations of tribal court systems. Extending comity to tribal judgments is not an invitation for the federal courts to exercise unnecessary judicial paternalism in derogation of tribal self-governance.
Id. at 811 (citing Hilton v. Guyot, 159 U.S. 113, 205, 16 S.Ct. 139, 40 L.Ed. 95 (1895)) (internal quotation marks omitted).
Yet, here the court, holds that “tribal court convictions may be used in subse *1050 quent prosecutions only if the tribal court guarantees a right to counsel that is, at minimum, coextensive with the Sixth Amendment right,” Bryant, 769 F.3d at 677 (emphasis added), imposing “judicial procedures identical to those used in the United States Courts.” Wilson, 127 F.3d at 810. The court exercises the very judicial paternalism warned against in Wilson, and acts in derogation of tribal self-governance.
Sadly, distaste for the ICRA and contempt for tribal courts has led the court to disregard the critical comity interest that undergirds respect for tribal courts and their criminal procedures and, contrary to the dictates of Congress, the court “intruded needlessly on tribal self-government.” Santa Clara Pueblo v. Martinez, 436 U.S. 49, 71, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). This we cannot do.
IV
Both this opinion and Ant are contrary to Supreme Court precedent, invent a Sixth Amendment violation where none exists, erode tribal sovereignty, and disregard the ICRA. If that were not enough, this opinion creates a circuit split by disagreeing with all other circuit courts which have addressed the very issue presented. The concurrence and the concurral ask for Supreme Court intervention. It appears we need it.
I respectfully dissent from our regrettable decision not to rehear ■ this case en banc.

. As explained by another member of this Court, the term "concurral” refers to a concurrence from denial of rehearing en banc. See Alex Kozinski & James Burnham, I Say Dissental, You Say Concurral, 121 Yale L.J. Online 601, 626 n.57 (2012).

. First, Judge Watford — who concluded that Ant afforded him no choice but to concur— wrote persuasively that Ant warrants reexamination and pleaded for "the Supreme Court’s intervention.” Bryant, 769 F.3d at 679, 681 (Watford, J., concurring). Now, the other two panel members also admit that "Supreme Court review may be unavoidable.” Concurrence in Denial of Rehearing En Banc at 9.

. Baldasar was a mess — providing no rationale for its result, the per curiam opinion instead rested on the varying “reasons stated in [its] [three] concurring opinions.” Nichols, 511 U.S. at 743-44, 114 S.Ct. 1921 (quoting Baldasar, 446 U.S. at 224, 100 S.Ct. 1585). With nothing resembling a clear holding, Baldasar “baffled and divided the lower courts that [] considered it.” Id. at 746, 114 S.Ct. 1921.

. Under Scott, the Sixth Amendment right to counsel does not apply to uncounseled state or federal proceedings in which a sentence of imprisonment is not imposed. Scott v. Illinois, 440 U.S. 367, 372, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Scott was relevant to Nichols because Nichols challenged a sentencing enhancement that was based on a prior uncounseled misdemeanor DUI conviction-and, under Scott, because Nichols's conviction did not include a sentence of imprisonment, "the Sixth Amendment right to counsel did not obtain." Nichols, 511 U.S. at 741, 746, 114 S.Ct. 1921.

. Indeed, as the Supreme Court has “consistently" made clear, recidivist statutes “penal-iz[e] only the last offense committed by the defendant” — here, Bryant’s 2011 offenses, not the prior abuses for which he was tried in tribal court. Nichols, 511 U.S. at 747, 114 S.Ct. 1921; see also United States v. Rodriquez, 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008) (“When a defendant is given a higher sentence under a recidivism statute ... 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's ‘status as a recidivist.’ ”).